105 So.2d 915 (1958)
Caryle WARRING and Donald L. Warring, Appellants,
v.
WINN-DIXIE STORES, Inc., a Florida corporation, and Hialeah Homes, Inc., a Florida corporation, Appellees.
No. 58-301.
District Court of Appeal of Florida. Third District.
October 28, 1958.
Rehearing Denied November 14, 1958.
*916 Wood, Wood & Wood, Miami, for appellants.
Dixon, DeJarnette, Bradford & Williams, Charles A. Kimbrell and M.R. Adkins, Miami, for appellee Winn-Dixie Stores, Inc.
BARNS, PAUL D., Associate Judge.
The appellants-plaintiffs sued the appellees-defendants in a negligence action. Without answering, the defendant "Winn-Dixie" took the deposition of the plaintiffs and thereupon moved for a summary judgment which was heard upon plaintiffs' amended complaint, plaintiffs' depositions taken by "Winn-Dixie" and an affidavit of plaintiff Caryle Warring, filed in opposition to the motion. Summary judgment was entered for the defendant "Winn-Dixie" and plaintiffs appealed and assigned as error the entry of the summary judgment. We find the error well founded and reverse.
6 Moore's Federal Practice, 2d Ed., par. 56.15(3), p. 2123, in discussing the burden on a hearing of a motion for summary judgment states:
"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real *917 doubt as to the existence of any genuine issue of material fact. Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion."
Applying the rule of law, as stated by Moore, supra, that "all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion," the deposition of the wife and an affidavit seem to establish the following facts:
The plaintiff-appellant wife was a patron of the supermarket of the defendant-appellee "Winn-Dixie", and after making a purchase, started walking to her home to the west. The store is on the north side of the street and faces south. The store has a sidewalk immediately in front of the store, co-extensive with the front of the building. A parking lot was maintained by the company on the west side of the store and it was full. The black top of the parking lot did not extend to the lot line on the south. After leaving the sidewalk, plaintiff-wife chose to follow what appeared to be a path on defendant's property to the south of the black-topped area used as a parking lot for defendant's patrons, and was injured by reason of falling. She fell at a place near a sign on the premises maintained by the company.
Where she fell was in a rough area where there was an incline; there was a "drop-off and was broken up" caused by the wearing away of the hard surface on the edge by automobile traffic entering and leaving the parking lot, leaving "broken-up holes in what would be pavement if it was fixed", at a place several feet north of the street pavement. There is no sidewalk on the south side or south part of the parking lot. She did not notice the condition before falling, but did immediately afterwards; it was not "easily discernible."
The plaintiff-wife answered in the affirmative when interrogated on the taking of her deposition by the company:
"Q. As you were walking along there, were you looking where you were walking? A. Yes.
"Q. And, of course, you were walking where you were looking? A. Yes."
As stated by Moore, supra, and as stated in the case of Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881, 885, 16 Fed.Rules Serv. 56c.41, case 8, "The burden of proof was upon the movant, not upon the plaintiffs, and all doubts are resolved against the movant Sprague v. Vogt, 8 Cir., 150 F.2d 795; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Rogers v. Great-West Life Assur. Co., 8 Cir., 138 F.2d 474; Blood v. Fleming, 10 Cir., 161 F.2d 292; Ramsouer v. Midland Valley R. Co., supra, [8 Cir., 135 F.2d 101]."
The function of the court in passing on a motion for summary judgment is to determine whether there is a genuine issue of any material fact and not to determine any issue of fact. As stated in Roucher v. Traders & General Ins. Co., 5 Cir., 235 F.2d 423, 424, 23 Fed. Rules Serv. 56c.41, case 6:
"The question of defendant's liability cannot be lawfully withdrawn from the jury and determined by the court unless the facts are not only undisputed but are also such that all reasonable men, in the exercise of a fair and impartial judgment, must draw the inference and conclusion therefrom of non-negligence. *918 Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303; 38 Am.Jur., Negligence, § 345. Issues of negligence are ordinarily not susceptible of summary adjudication. 6 Moore's Federal Practice, § 56.17(42) p. 2232." (Italics supplied.)
Motion for directed verdict and motion for summary judgment, compared: Both motions give rise to questions of law. Whether the motion be for a directed verdict or for a summary judgment the movant not only admits the basic facts established which are favorable to the adverse party, but also every conclusion or inference favorable to the adversary that might be reasonably inferred from the evidence.
When at trial, the facts established fail to show, under applicable principles of substantive law, that the plaintiff is entitled to any relief within the scope of the pleadings, defendant's motion for a directed verdict may properly be granted because the plaintiff has not sustained the burden imposed upon him of making such a showing and there is no genuine issue of a material fact that ought to be tried by the jury.
When the facts established on defendant's motion for a summary judgment clearly show there is no genuine issue of any material fact, then, the court may pierce the "paper-issues" made by the pleadings and render judgment on the merits for the defendant, because of the want of any genuine issue as to any material fact; but upon failure to show the absence of any genuine issue as to all material facts, the defendant has not sustained the burden and the defendant's motion should be denied. A clear showing by the movant for a summary judgment of the absence of such issues is essential and the absence of genuine issues is not made evident by the absence of an affirmative showing, except as to presumptions and matters of which the court may take judicial notice.
Applying the foregoing rules of law to the facts, as stated above, it is our conclusion that the lower court erred in granting defendant's motion for a summary judgment and the judgment is
Reversed.
CARROLL, CHAS., C.J., and HORTON, J., concur.