SHANNON, Chief Judge.
The plaintiff below is appealing a summary final judgment in a negligence action.
The plaintiff was a lessee of premises in Tampa, Florida. At about midnight on February 7, 1960, the defendant operated his automobile across the curbing of Hills-borough Avenue and entered the front of plaintiff’s place of business, thereby inflicting damages upon the property of the plaintiff. To the complaint the defendant filed an answer denying negligence and setting up facts tending to show an unavoidable accident. Defendant alleged in his'answer that he was struck by an assailant while sitting in his automobile at a traffic light; that he lost consciousness and was therefore completely without fault in the accident. The depositions of the defendant and his wife were taken and with these and the facts just set forth the defendant moved for summary judgment, which the lower *232 court granted. Apparently there were no witnesses to this accident other than the defendant and his wife. According to these depositions defendant was operating his automobile in a westerly direction on Hills-borough Avenue, a four-lane thoroughfare. He was in the inside lane approaching a red light at the corner of Hillsborough and Armenia Avenues. The plaintiff’s place of business was located on the north side of Hillsborough Avenue, approximately one hundred feet west of the intersection. In approaching the intersection the defendant saw a car approaching from the rear at a high rate of speed. He thereupon pulled into the outside lane and the car approaching from the rear likewise entered the outside lane and in front of him, causing the defendant to strike this car on the rear bumper. After saying something to the defendant from his car the driver of that car then got out and walked back to the defendant’s car and struck the defendant in the face through the window of his car. The defendant was either knocked unconscious, or was knocked semi-conscious, or was stunned for a moment. At any rate, his next recollection was when he came to in a police officer’s automobile. His wife’s deposition bore him out, except that when he was struck and she asked immediately if he were all right, according to her testimony, the defendant mumbled “Yes.” By this time his car was striking the post at the side of the thoroughfare. From the exonerating depositions of the defendant and'his wife the defendant was caused to inflict the damage by the act of a third person.
The summary final judgment contains the following language:
“ * * * The Court finds that there exists no dispute as to any material fact in this respect and that any conflicts which may exist in the factual situation as revealed by the deposition do not concern the question of the ex-istance [sic] of negligence on the part of the defendant. The Court further finds that the defendant was free of negligence as a matter of law, and that the happening of the accident was of an unavoidable nature, and accordingly, that the plaintiff is barred from recovery from the defendant, and hence, that the defendant is entitled to a summary judgment. * * * ”
The plaintiff has assigned as error the entry of the summary judgment.
When the trial judge is faced with a motion for summary judgment his is the task of determining from the pleadings, depositions and affidavits before him the existence vel non of any genuine issue as to all material facts. At this point in the proceedings, all inferences of fact from the proofs proffered at the hearing must be resolved against the moving party. Warring v. Winn-Dixie Stores, Fla.App.1958, 105 So.2d 915. The instant case is indeed a close one but there are reasonable inferences that a jury could draw from the facts which would preclude entry of a summary judgment. These inferences may disappear in the trial of this case so that a directed verdict may properly be granted. Speaking through Judge White, this court said in the case of Nance v. Ball, Fla.App.1961, 134 So.2d 35, 38: “There are other stages along the procedural panorama where the court may terminate a case or control its direction, viz., (1) on motion for directed verdict at the conclusion of plaintiff’s case, (2) on motion for directed verdict at the conclusion of all the evidence, (3) on motion for a new trial, and (4) on motion for judgment notwithstanding the verdict. There remains also the possibility that further proceedings might bring out added factors which could change the complexion of the case.” See also Warring v. Winn-Dixie Stores, supra.
The District Court of Appeal, First District, speaking through Judge Sebring in Jacobi v. Claude Nolan, Inc., Fla.App.1960, 122 So.2d 783, 787, stated:
“It is settled that a summary judgment should never be entered where there is a genuine issue of material fact *233 to be tried. In determining whether a motion for summary judgment should be granted in a particular case, the rule is that if the evidence before the court on the motion ‘raises the slightest doubt upon any issue of material facts, if it is conflicting, if it will permit of different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it,’ and the motion should be denied. Crovella v. Cochrane, Fla.App., 102 So.2d 307, 310.”
From the record before us we conclude that the entry of the summary judgment in favor of defendant-appellee was error.
Reversed.
KANNER and WHITE, JJ., concur.