SHANNON, Chief Judge.
The defendant-appellant was informed against for keeping and maintaining a place where intoxicating liquor was sold in Polk County, which county had voted against the sale of intoxicating liquor. The information also charged him with having previously been adjudicated guilty of selling intoxicating liquor in the same county. On arraignment, the defendant entered a plea of not guilty, and prior to the jury trial, a stipulation was entered into wherein the defendant admitted the facts of the aforementioned prior conviction.
At trial the testimony indicated that the property, in Polk County, whereon the defendant resided, consisted of two houses; one on the front portion of the land and the other, a smaller house, just to the rear of the larger house. The defendant resided in the larger house and, for a while, his brother-in-law, Harley Scranton, lived in the smaller house. The testimony of a former beverage agent and a Polk County deputy sheriff indicated that on several occasions they had made purchases of tax-paid liquor at the small house on defendant’s premises. On more than one of these occasions the defendant had given his permission for the sale to be made, although he had not actually made the sale. Harley Scranton testified that the defendant had permitted him to live in the small house rent free and that he (Scranton) was making illegal liquor sales for the defendant in this house. Scranton further testified that he would turn over *603 seventy-five per cent of the moneys taken in from the illegal sales to the defendant and keep twenty-five per cent.
The defendant testified in his own behalf that he lived on the property in question; that he had permitted Scranton to live in the smaller house behind his own, rent free, because he was out of work; and that he was aware of the fact that Scranton was making illegal liquor sales in the house. He denied, however, having anything to do with the liquor sales and stated on direct examination: “ * * * I told him if he didn’t be careful he was going to be caught with that liquor selling it there. And I told him I didn’t want nothing to do with it, that I’d been over here in 1958 and paid a fine for it and I’d quit and I didn’t want to fool with no more liquor.” Further testimony of the prior conviction was elicited, over objection, on cross-examination.
Motions for directed verdict by the defendant were denied both at the conclusion of the state’s case and at the close of all the evidence. The case was submitted to the jury and the following verdict was returned:
“We, the Jury, find the Defendant, Henry C. Poison, guilty of Keeping and Maintaining a Place where Liquor was Sold in Polk County, Florida, on the 10th day of February, 1960.
“We further find that the Defendant previously was adjudicated to be guilty in the Criminal Court of Record, in and for Polk County, of the offense of Selling Liquor on February 27, 1958.
“So say we all.”
Motion for new trial was denied and the defendant was adjudged guilty as a second offender and sentenced to a term of two years at hard labor in the State Prison.
The defendant raises three questions on this appeal :
1.Whether that portion of the verdict finding the defendant “previously was adjudicated to be guilty in the Criminal Court of Record in and for Polk County, of the offense of Selling Liquor on February 27, 1958,” is sufficiently certain to sustain a judgment for the commission of a felony under Sec. 562.45, Fla.Stat., where defendant had been charged as a second offender;
2. Whether the evidence is sufficient to support the verdict; and
3. Whether the provisions of Sec. 562.-45 clearly encompass the offenses condemned in Ch. 568, Fla.Stat., 1959.
In the argument of his first point on appeal the defendant points out to us that the information filed in the instant case recites : “ * * * that Henry C. Polston * * * did unlawfully keep and maintain a place where intoxicating liquor was sold in said County and State, which said county had voted against the sale of intoxicating liquor, * * * ” Sec. 568.02, Fla.Stat., 1959, F.S.A., provides:
“It is unlawful for anyone to sell, or cause to be sold, any intoxicating liquors, wines or beer in any county that has voted against the sale of intoxicating liquors, wines or beer.”
Section 562.45, Fla.Stat., 1959, F.S.A., provides in part:
“ * * * that any person who shall have been convicted of a violation of any provision of the beverage law and shall thereafter be convicted of a further violation of the beverage law, shall, upon conviction of said further offense, be deemed guilty of a felony and shall be punished by imprisonment for not more than five years or fined not more than $5,000.00.”
In the case of Barnhill v. State, Fla.1949, 41 So.2d 329, the Supreme Court had before it the identical question except that the verdict there read: “guilty as charged in the information.” The court pointed out that when a defendant is brought to trial for the second violation of the beverage laws two distinct but related issues are involved. The first is the defendant’s guilt or innocence *604 of the offense charged and for which he is presently on trial. The second is the historical fact of the former conviction for the crime named and the identity of the defendant as the perpetrator. The judgment in the Barnhill case was reversed and remanded for a new trial because the verdict therein was legally insufficient.
In the instant case sufficient historical data of the former conviction, including the crime and the identity of the defendant as the perpetrator thereof, were before the jury. They were properly instructed and returned the above quoted verdict, which we hold to be a legally sufficient predicate for the imposition of the judgment and sentence herein, adjudging defendant guilty of a felony.
The defendant contends next that the evidence did not sufficiently establish that he did keep or maintain the kind of place condemned in Sec. 568.04, Fla.Stat., 1959, F.S.A., which reads as follows:
“It is unlawful for anyone to keep or maintain a place where intoxicating liquors, wines or beer are sold in any county that has voted against the sale of intoxicating liquors, wines or beer.”
In the trial of this case the defendant testified that he lived at the place in question and that he had allowed his brother-in-law, Scranton, to live in the smaller house just to the rear of the defendant’s house. He further testified that he knew that Scranton was selling liquor in the smaller house. The witnesses for the state all testified that intoxicating liquor was sold on the premises of the defendant. From the record there is no question that a jury could find that the defendant’s control over the premises was sufficient to establish beyond a reasonable doubt that he did “keep and maintain a place” of the variety condemned by Sec. 568.04, supra.
In his third and final point the defendant maintains that the constitutional inhibitions of Article III, Section 16, were disregarded by the Legislature when it enacted Chapter 57-420, Laws of 1957. Article III, Section 16, Constitution of Florida, F.S.A., provides as follows:
“Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised (by reference) to its title only; but in such case the act as revised or section, or subsection of a section, or paragraph of a subsection of a section, as amended, shall be reenacted and published at length.”
The title of Chapter 57-420, Laws of 1957, refers to certain sections of Chapter 561, Fla.Stat., F.S.A., while Section 1 thereof amends Section 561.01(9) to read: “The term ‘the beverage law’ shall refer to Chapters 561, 562, 567, 568 and 569 of the Florida Statutes.” The defendant urges that the title of Chapter 57-420, Laws of 1957, is insufficient to encompass Chapter 568, Fla.Stat., 1959, F.S.A., and that, therefore, his conviction as a second offender of the beverage law cannot stand.
We do not deem it necessary to determine whether or not the title of the act in question is sufficient under the Constitution, because, even if it were not, it became valid by incorporation in the general revision of the Laws of Florida, namely, Chapter 561, Fla.Stat., 1959, F.S.A. Section 16.19, Fla.Stat., 1959, F.S.A.; Buchanan v. State, Fla.App.1959, 111 So.2d 51; State ex rel. Badgett v. Lee, 1945, 156 Fla. 291, 22 So.2d 804; and 30 Fla.Jur.Stat., Section 68.
Having found no error upon a careful review of the entire record, the judgment and sentence appealed is affirmed.
Affirmed.
SMITH and WHITE, JJ., concur.