138 So.2d 777 (1962)
Edsel POSEY, Appellant,
v.
PENSACOLA TRACTOR & EQUIPMENT COMPANY, Inc., a Florida Corporation, Appellee.
No. D-38.
District Court of Appeal of Florida. First District.
March 13, 1962.
*778 William H. Anderson, Pensacola, for appellant.
Henry R. Barksdale, Pensacola, for appellee.
STURGIS, Judge.
Edsel Posey, plaintiff below, sued Pensacola Tractor & Equipment Company, Inc., in the Circuit Court of Escambia County in an action at law to recover damages for breach of an alleged seller's warranty of fitness, said to have been given upon the sale by defendant to plaintiff of a general farm tractor. The defendant, after filing an answer generally denying the alleged warranty and breach, moved for summary judgment, relying on the pleadings and a discovery deposition that was given by the plaintiff in a separate action brought by him in the Court of Record in and for Escambia County against Ford Motor Company, a corporation, and A. Bruce Carr, individually and doing business as Pensacola Tractor Company, for an alleged breach of their alleged seller's warranty of fitness involving the same tractor. Appellant did not submit any proofs countering the statements contained in the deposition. Except for the difference in parties, the complaint herein is substantially the same as in the action pending in the Court of Record, which is also on appeal and is disposed of by our decision in Case No. D-58 released herewith, 138 So.2d 781. The complaint in D-58 is set out in full in Posey v. Ford Motor Company (Fla.App.), 128 So.2d 149, a former decision of this court holding the complaint in that cause sufficient to state a cause of action.
The trial court, in an order granting defendant's motion for summary judgment, made the observation:
"* * * that the Defendant's motion for a summary judgment will be granted for the reason that the Plaintiff was offered an opportunity to present testimony in the form of affidavits and depositions in opposition to said motion for a summary judgment but has not done so; that the complaint of the Plaintiff is predicated upon an alleged warranty by the Defendant that the article sold was `Well constructed, without defective parts, and to be fit and suitable for use as a general farm tractor', and that the deposition of the Plaintiff fails to support this claim; that nowhere in the deposition of the Plaintiff does he *779 claim that the Defendant so warranted the article; that the expression of an opinion by Defendant's agent as to the quality of the article is not a warranty; and the alleged promise of Defendant's agent to fix the tractor, if it broke down, was not a warranty of the character relied upon by the Plaintiff; that nowhere in his statement does the Plaintiff say that the Defendant either expressly or impliedly warranted the tractor to be well constructed and without defective parts or to be fit and suitable for use as a general farm tractor, therefore, it is the view of the Court that the Plaintiff has failed to establish a breach of warranty relied upon and there is no issue in fact upon which the jury could pass, * * *."
The final judgment for defendant entered pursuant to said order is the subject of this appeal.
The critical point for determination is whether the defendant in relying exclusively upon the pleadings and discovery deposition originating in the separate suit met the burden of establishing the absence of any genuine issue as to any material fact so as to entitle defendant to judgment as a matter of law.
It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary's position might be sustained. Palov v. Florida Power & Light Co. (Fla.), 107 So.2d 780; Buck v. Hardy (Fla.), 106 So.2d 428; Warring v. Winn-Dixie Stores (Fla.App.), 105 So.2d 915; Farrey v. Bettendorf (Fla.), 96 So.2d 889; Jones v. Stoutenburgh (Fla.), 91 So.2d 299; Manning v. Clark (Fla.), 71 So.2d 508; 6 Moore's Fed. Practice (2nd Ed.), par. 56.15(3), p. 2123.
Appellee takes the position that plaintiff's deposition, taken in the independent suit pending in the Court of Record, must be accepted by the Circuit Court, in which this case was pending, as a full and complete statement by plaintiff Posey of the facts upon which he bases his claim in this suit against Pensacola Tractor & Equipment Company, Inc., which is not a party to the suit in the Court of Record. Appellee further insists that plaintiff's failure to submit proofs in opposition to or supplementing the deposition given in the separate action provides the basis, accepting as true the facts stated in the deposition, for proper entry of the summary judgment. There are two obvious reasons why these contentions are unsound: first, the discovery deposition taken in the separate suit had to do with the issues in that suit and the transactions between the parties to that suit, and in that posture it cannot be given the legal effect, in the absence of some unqualified admission which we do not find therein, of exhausting the facts upon which the plaintiff (deponent) is entitled to rely for recovery in this independent action; secondly, the burden of proof being on the movant to establish the right to summary judgment, the adverse party is under no compulsion to submit proofs countering those of the movant unless the movant by his proofs has fully made out a prima facie case for entry of summary judgment, and this was not done in the case on review, as we will now discuss.
While under some conditions a discovery deposition standing alone and taken under the circumstances and for the purpose of the deposition here involved might be sufficient, on the theory of admissions against interest contained therein, to support a summary judgment against the claim of the deponent in an independent action  a subject which we do not attempt to settle on this appeal  our analysis of the subject deposition discloses that there is nothing therein to preclude the plaintiff from asserting an implied warranty of *780 merchantability and fitness as the basis for recovery. The fact that the deponent testified to certain specific representations of defendants upon which he relied, characterized by appellee as "trade talk", does not raise such representations to the level of a comprehensive express warranty taking the place of the implied warranty of merchantability and fitness accompanying the sale as a matter of law.
The implied warranty of merchantability is not excluded by an express warranty against defective parts and workmanship which is not inconsistent with the implied warranty. See Henningsen v. Bloomfield Motors, Inc. (1960) 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, in which plaintiff was allowed recovery on the implied warranty of merchantability of an automobile despite the limitation of liability provisions of an express warranty which was held to be void as against public policy. While there is a welter of conflicting decisions, the modern trend, including that of the Florida Supreme Court, leans to the concept that implied warranty obligations are unaffected by what is undertaken as means of express warranties not inconsistent with the implied warranty. McBurnett v. Playground Equipment Corp., opinion of Florida Supreme Court, 137 So.2d 563; Rawls v. Ziegler (Fla.), 107 So.2d 601; Matthews v. Lawnlite Co. (Fla.), 88 So.2d 299. For a general discussion and citation of authorities see Hursh, American Law of Products Liability, Vol. I, §§ 3:12, 3:16.
Where the article involved is of such nature that proper performance of the purpose for which it is manufactured and purchased to be used depends substantially on the type of care and method of operation given to it by the vendee, it follows that when the vendee seeks to recover damages in reliance upon an implied breach of warranty of fitness or merchantability, he must establish both the nature of the breach and the fact that his own acts did not produce the result upon which the breach is predicated. This is a matter for the jury to determine under appropriate instructions.
We take note of the fact that another suit was brought in the Court of Record of Escambia County by the same plaintiff and involving the same subject matter, the only distinction being that the latter names different parties defendant. It was pending at the same time as the suit on appeal. A separate appeal was taken to this court from summary final judgments entered in favor of the defendants to the suit in the Court of Record of Escambia County, being identified as Case No. D-58 according to the serial numbers of this court. The constitutional Court of Record of Escambia County, which has concurrent jurisdiction with the Circuit Court in said county except in cases involving capital punishment, has no counterpart elsewhere in the state. While the subject does not form an issue on this appeal and our remarks thereon are gratuitous, we deem it appropriate to observe that it can hardly be conceived that by creation of the Court of Record it was contemplated that where concurrent jurisdiction exists between the Circuit Court in and for Escambia County and the Court of Record of Escambia County, a litigant is vested with the right to have actively pending by independent suits brought in said courts a controversy involving the same subject matter and presented in such aspect that recovery in either of such suits would preclude recovery in the other. Examination of the records on this appeal (No. D-38) and the other appeal (No. D-58) discloses no reason why the issues in both suits could not have been fairly, efficiently, and conveniently developed and tried by one suit brought in either court. Plaintiff's action in filing such independent suits is inevitably calculated as leading to confusion, delay, and added expense. Finding no specific rule of practice governing the procedure to be followed when a situation of this kind comes to the attention of either of said trial courts, we suggest that the court below be advised as *781 to whether it should of its own motion require the plaintiff to elect which of the pending suits he will first pursue to a conclusion, and that upon such election further proceedings in the other suit be stayed pending the event.
For the reasons stated the summary final judgment herein must be and it is hereby set aside.
Reversed.
WIGGINTON, Acting C.J., and RAWLS, J., concur.