STURGIS, Judge.
This is the second appeal involving this cause. In Posey v. Ford Motor Company (Fla.App.), 128 So.2d 149, we held, that the complaint, quoted therein, stated a cause of action. This is an appeal from final judgments for the respective defendants entered pursuant to an order granting their joint motions for summary judgment. The basis for the order is set out *782 in a letter of the trial judge (in the nature of findings), dated June 30, 1961, addressed to counsel for the parties, stating:
“The Court will grant the Motion of the Defendant Motor Company for Summary Judgment because the deposition of the Plaintiff reveals this Defendant made no warranty as alleged in the Complaint, and no such warranty was relied upon, and further for the reason that there is no privity of contract between Ford Motor Company and Plaintiff.
“The Court will grant the Motion of Defendant Carr for Summary Judgment since the depositions and exhibits indicate he was acting as agent for Pensacola Tractor and Equipment Company, Inc., and the agent is not liable unless fraud or deceit is shown.”
The sole question for determination is whether the trial court erred in entering the summary final judgments. The evidentiary proofs before the court when the judgments were entered consisted of (1) an affidavit by defendant A. Bruce Carr, (2) a discovery deposition of plaintiff, Edsel Posey, (3) a discovery deposition of defendant Carr, and (4) an affidavit of plaintiff Posey. Construing the proofs and the pleadings in accordance with the decision of this court filed herewith in the case of Edsel Posey, appellant, v. Pensacola Tractor & Equipment Company, Inc., appellee, being Case No. D-38 of the serial numbers of this court, we are constrained to hold that there exists a genuine issue of fact as to whether there was a breach of warranty, express or implied, on the part of defendant Ford Motor Company, and as to whether defendant Carr, acting in his individual capacity and independent of any connection he may have with defendant Ford Motor Company, is bound by any warranty on his part, express or implied, hence the court erred in entering the mentioned summary final judgments.
Reference is made to the remarks in our opinion filed herewith in the suit of Posey v. Pensacola Tractor & Equipment Company, Inc., 138 So.2d 777, concerning the situation presented by the pendency at the same time of this suit in the Court of Record and a similar suit in the Circuit Court of Escambia County. We acknowledge that no such issue is involved by the appeals and that our suggestion for a procedural remedy is gratuitous. We have done so to the end that unnecessary litigation and expense may possibly be avoided by following the course there suggested.
For the reasons stated the subject final judgments must be and they are hereby
Reversed.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.