DREW, Justice.
The opinion of the district court in this case [1] states that “the facts are largely undisputed” and concludes that there existed no genuine issue of- material fact relative to the defendant’s assertion of gift of certain sale proceeds because:
“The unsupported assertion of gift by the person who received the funds was not sufficient to raise a genuine issue of material fact where nothing in the record supported such an assertion.”
The pertinent conflict alleged by the petition for writ of certiorari in this Court is with five decisions prescribing general summary judgment rules, such as Chapman v. Tison, Fla.App.1962, 137 So.2d 603, holding “affidavits of a [defending party] must be accepted as true,” and other cases holding credibility and weight to be improper considerations: Nance v. Ball, Fla.1961, 134 So.2d 35; Williams v. Board of Public Instruction of Flagler County, Fla.1953, 61 So.2d 493; Williams v. City of Lake City, Fla.1953, 62 So.2d 732; Brannen v. State, 1927, 94 Fla. 656, 114 So. 429.
As we understand the decision in this case, however, it does not conflict with these principles but is to the effect that the donee’s statement, even if true, is insufficient standing alone to raise a genuine issue as to a gift in these circumstances. Neither does the principle stated in Bran-nen, supra, collide with the decision here.[2] The petitioner makes no reference to any other decision on the actual point involved, i. e. the sufficiency of evidence as a matter of law to establish a gift in these circumstances.
The other cases[3] cited as “see” references by the district court involve different facts but stand for the general rules that a resulting trust is presumptively created by vesting of title in one other than the beneficial owner, and that property acquired by a husband as an estate by entirety is presumed a gift of an undivided interest to the wife, which presumption can be overcome only by “conclusive” evidence. The district court reference to these related cases, as material to its conclusion that the presumption of resulting trust here could be overcome only by “strong and convincing” evidence, does not in our opinion amount to attributing to them a principle for which they do not stand.[4]
*274 Because the petition for writ of certiorari reflected apparent jurisdiction in this Court, we issued the writ and have heard argument of the parties. Upon full consideration of the cause, we have determined that the cited decisions present no direct conflict as required by Article V, Sec. 4, Florida Constitution, F.S.A. The writ accordingly must be discharged.
It is so ordered.
ROBERTS, C. J., and O’CONNELL and CALDWELL, JJ., and COLLINS, Circuit Judge, concur.

. Fla.App., 144 So.2d 335. Also see Fla. App., 143 So.2d 227 for an earlier appeal by Mrs. Tomayko in a related proceeding.

. This was a criminal case where Brannen was convicted of perjury and appealed. The discussion there of the question of whether evidence, even though from an interested party, may be disregarded, is on its face not applicable. The question here is whether the evidence of Tomayko, accepted as true (not disregarding it), can without substantiation create an issue of material fact which would preclude the entry of a summary decree, a proceeding unknown in criminal law and at the time of the Brannen decision to the civil law in this State.

. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356; Wadlington v. Edwards, Fla. 1957, 92 So.2d 629; Walker v. Landress, 111 Fla. 356, 149 So. 545.

. Ellsworth v. Nash Miami Motors, Inc., Fla.1962, 142 So.2d 733.