151 So.2d 475 (1963)
Patricia SMITH, an Infant, by her Father and Next Friend, Carl Glass Smith, and Carl Glass Smith, Appellants,
v.
Ann Cafaro MUSSO, Appellee.
No. 3299.
District Court of Appeal of Florida. Second District.
March 27, 1963.
Rehearing Denied April 11, 1963.
*476 Hal S. Ives of Ives & Davis, West Palm Beach, for appellants.
Paul C. Wolfe of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
SHANNON, Chief Judge.
The appellant, plaintiff below, appeals from a summary judgment entered on behalf of the defendant, Ann Cafaro Musso, appellee here.
The summary judgment was entered, on the question of liability, on the deposition of defendant taken at the instance of the plaintiff.
It appears from the complaint and the deposition that the plaintiff, Patricia Smith, a minor of nine years of age, was struck by the automobile driven by the defendant in the middle of the block and on the streetway in the daytime. The deposition of defendant shows that defendant was going slowly, but from that point it is almost devoid of any facts. In her deposition the defendant stated:
"Q. Will you describe exactly what happened? You tell us what you recall about it.
"A. Well, I was driving along L Street and about 15 miles an hour and first thing you know the child is right on my car here.
"Q. When did you first notice the child?

*477 "A. When she was right on top of the car.
* * * * * *
"Q. Now then, you didn't see this child then until the child you say was on the automobile?
"A. Right by the, you know, the car.
"Q. Was the child on the car or near the car?
"A. I only saw her when she just went on the car like that.
"Q. Went on the car?
"A. That's right."
In her motion for a summary judgment the defendant was required to show by F.R.C.P. 1.36(c), 30 F.S.A., that: "* * * The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. * * *"
In setting out the rule Judge Sturgis, for the court, in Posey v. Pensacola Tractor & Equipment Company, Fla.App. 1962, 138 So.2d 777, stated:
"It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary's position might be sustained. * * *"
The facts in this case show a motorist and a pedestrian, with reciprocal rights to the roadway, the defendant driving her car, and the minor plaintiff suddenly appearing, as shown in defendant's testimony. Where the child came from or what she was doing in the middle of the highway, and other such points, were not covered. Insofar as we can see, she had as much right in the roadway as did the defendant, but whether her appearance was sudden, or whether she darted out, is not shown by either the depositions or any of the affidavits.
In Nelson v. Ziegler, Fla. 1956, 89 So.2d 780, which was a directed verdict in the court below and was reversed on appeal, Mr. Justice Thornal, in a comprehensive opinion, stated:
"Appellee Ziegler testified that she did not see the appellant at any time before she heard a `thud' from the left side of her car. She stated that her lights were bright but she offered no explanation whatever for having failed to see the man. The point where the vehicle struck Nelson was approximately 21 feet from the curb. His body was found approximately 30 feet from the point of contact."
It would seem that in the present case, as in the Nelson case, such facts are necessary for a proper disposition of the action.
The appellants have cited certain cases which involve a motion for directed verdict. When the motions for directed verdict and summary judgment are compared, it will be seen that both motions are directed to a question of law. In Warring v. Winn-Dixie Stores, Fla.App. 1958, 105 So.2d 915, the court, through Mr. Justice Barns, stated:
"Motion for directed verdict and motion for summary judgment, compared: Both motions give rise to questions of law. Whether the motion be for a directed verdict or for a summary judgment the movant not only admits the basic facts established which are favorable to the adverse party, but also every conclusion or inference favorable to the adversary that might be reasonably inferred from the evidence."
While the present case is a close one, nevertheless, as this court stated in *478 Radice v. Morris, Fla.App. 1961, 135 So.2d 231, the inferences that are discernible on a motion for summary judgment may give way in the trial so that a directed verdict may properly be granted; but we are not at this time compelled to decide the latter question.
Reversed.
KANNER and SMITH, JJ., concur.