PER CURIAM.
Defendant John Q. Harrison appeals a summary final judgment for plaintiff American Fire and Casualty Company. The facts according to the pleadings and affidavits will be stated in chronological order.
Henry Ahrlich, d/b/a Ahrlich Electric Co., as subcontractor for Stobs Brothers Construction Company, general contractor, agreed to furnish all labor and materials for electrical work in the construction of two public schools. The contractor required of Henry Ahrlich a performance and payment bond, which was furnished with American Fire and Casualty Company as surety. The application for the bond was signed by Henry Ahrlich as applicant and by John Q. Harrison as in-demnitor. The bond was issued in favor of the prime contractor, Stobs Brothers Construction Company, as obligee, in the principal amount of $21,512.00.
Ahrlich Electric Company defaulted on the subcontract and the surety allegedly paid $20,591.63 to certain suppliers under the belief that it was liable therefor. After default by Ahrlich, indemnitor Harrison completed the work at a cost in excess of $30,000.00, allegedly paying all obligations incurred thereby. The surety received $12,552.68 from the general contractor for the work completed by the defendant and then disbursed an additional $8,118.95 to three creditors of Henry Ahr-lich. Plaintiff surety contends that defendant Harrison did not pay off suppliers for material supplied prior to the default; that those debts were paid by plaintiff under terms of the bond. Defendant asserts that he fully performed his contract as in-demnitor and therefore the surety was not liable on the bond and. that amounts paid out by the surety without defendant-in-demnitor’s consent were paid without authority and may not be charged against said defendant
Plaintiff filed its action demanding $8,-118.95 for payment of amounts expended on account of the default of the subcontractor. Defendant’s motions to dismiss and for more definite statement were denied. Defendant answered and counterclaimed. The following portions of the answer and counterclaim were stricken on motion of plaintiff:
“11. That Henry Ahrlich and the plaintiff represented to this defendant that the document marked Exhibit B was only a recommendation of Ahr-lich’s character and ability and this defendant did not read the same, but relied upon said representations and signed it in blank.
“12. That the plaintiff in December 1960 notified this defendant to complete the work of Ahrlich on the two schools and this defendant completed the same and expended therein in excess of $21,512.00 in reliance upon the plaintiff’s said notice.”
******
*326 "COUNTERCLAIM.
******
“1. That he re-alleges the allegations contained in Paragraphs Eleven and Twelve of the foregoing answer.
“2. That the counterclaimant has expended in excess of $30,000.00 completing the said subcontracts because requested to do so by the plaintiff and the plaintiff has collected and wrongfully dispersed the monies due said Ahrlich from the said contracts and fails and refuses to pay the counter-claimant to his damage in excess of $500.00.” (emphasis added)
The grounds advanced for striking these paragraphs were that the answer was an insufficient defense and that the counterclaim failed to state a cause of action.
The answer was then amended alleging:
“11. That the plaintiff, by letter of December 15, 1960, marked Exhibit A and made a part hereof by reference, and orally prior thereto, demanded of this defendant that he complete the ■contract performance undertaken by defendant Ahrlich. This defendant, pursuant to the aforesaid demands, ■completed the said performance and paid all obligations incurred therein, ■expending in excess of the maximum ■amount of the obligation of the bond, which is the subject of this suit.
“12. That the plaintiff wrongfully ■collected from the prime contractor, Stobs Brothers Construction Company * * * $12,522.68 which was due this defendant for completion of the said contract, for which sum this Defendant claims set-off against any sums claimed by the plaintiff.
"13. That the contract between defendant Ahrlich and Stobs Brothers Construction Company was substantially changed and modified by the parties thereto, subsequent to this defendant’s signing the said application for bond, and without the knowledge and consent of this defendant. The said changes were such that the cost of completion was substantially increased and the work performed was not that for which the parties contracted.
“14. That the expenditures for which the plaintiff sues this defendant were patently not proper obligations under the bond which the plaintiff executed, and the same were not paid in good faith by the plaintiff.”
These amendments were also stricken and the court entered summary final judgment on motion by the plaintiff, supporting and counter affidavits having been filed by both parties. Judgment by default was also entered against Ahrlich Electric Company. Defendant’s affidavit in opposition to summary judgment contained essentially the same defensive matter previously stricken by the court.
Although several points are presented on appeal, essentially the question concerns whether the cause involved genuine issues of material fact which precluded summary judgment. Defendant maintains that genuine issues of material fact remain to be resolved which concern (1) whether the defendant fully performed the obligations under which the bond was conditioned; (2) whether the defendant made full payment to all persons who supplied labor and materials on the subcontract; (3) whether the contract was substantially altered to defendant’s detriment; (4) whether the plaintiff wrongfully collected and disbursed money due to defendant; (5) whether plaintiff made improper payments to parties not entitled under the bond; and (6) whether payments made by plaintiff were made in good faith.
The salient portion of the performance bond is as follows:
“NOW THEREFORE, the condition of this obligation is such, that the Principal [Ahrlich] shall faithfully perform the contract on his *327 part, free and clear of all liens arising out of claims for labor and materials entering into construction, and indemnify and save harmless the Obligee [general contractor] from all loss, cost or damage which he may suffer by reason of the failure to do so, then this obligation shall be void; otherwise to remain in full force and effect.” (emphasis added)
Defendant claims that the complaint asserts unresolved legal conclusions not of ultimate fact and compares the above quoted bond with the following portion of the complaint:
“Upon demand for payment by said suppliers of labor, materials and supplies, and pursuant to its obligation imder the aforesaid contract bond, the Plaintiff paid the claims for labor, materials and supplies * * * ” (emphasis added)
Defendant contends that plaintiff alleged no obligations lying within terms of the bond. In support of this argument defendant cites Dekle v. Valrico Sandstone Co., 1917, 74 Fla. 346, 77 So. 95; Santa Rosa County for Use and Benefit of J. E. Daniels, Inc. v. Raymond Blanton Construction Co., Fla.App.1962, 138 So.2d 518; Capital City Bank v. Hilson, 1910, 59 Fla. 215, 51 So. 853; Phoenix Indemnity Co. v. Board of Public Instruction, Fla.App. 1959, 114 So.2d 478; Gibbs v. Hartford Accident and Indemnity Co., Fla.1952, 62 So.2d 599, 604; Union Indemnity Co. v. Vetter, 5 Cir.1930, 40 F.2d 606; and several foreign decisions.
The defendant’s affidavit incorporates some matter which is incompetent. Inclusion of such matter, however, does not nullify the entire affidavit. See Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404, 408, 409. The law regarding summary judgments was well stated in the Hum-phrys case, supra, wherein Judge Kanner said:
“Summary judgment or decree is permissible only where the pleadings, depositions, or admissions on file, to--gether with the affidavits, if any, show that there is no genuine issue of material fact and that the movant is entitled to judgment or decree as a matter of law. The burden of proof is upon the party moving for summary judgment or decree to show lack of a genuine issue of material fact, and all doubts as to the existence of such fact must be resolved against the mov-ant. On failure to show such lack of a genuine issue of material fact, or if a genuine issue of material fact otherwise appears, movant’s motion must be denied. It follows that summary proceedings may be used only as a vehicle for establishing whether there is a genuine issue of material fact to be determined, and the trial court may not try or determine factual issues in such proceedings. If it is disclosed that there does exist a genuine issue of material fact, the judgment or decree may not be entered. If salient facts are established beyond dispute, question then arises whether one party or the other party should be awarded judgment or decree as a matter of law, and that question is to be decided by the trial judge using the established facts as a premise. Caution and discernment should go hand in hand where the power to enter summary judgment or decree is exercised, for such a power wields a dangerous potential which could have the effect of trespass against fundamental and traditional processes for determining the rights of litigants.”
See also Tomayko v. Thomas, Fla. 1963, 151 So.2d 272; Radice v. Morris, Fla.App. 1961, 135 So.2d 231; Crovella v. Cochrane, Fla.App.1958, 102 So.2d 307, 310. As noted in Nance v. Ball, Fla.App.1961, 134 So.2d 35, 37:
“Some cases are clearly disposable by summary judgment. There are also marginal cases posing colorable issues which the trial court may con *328 sider so weakly supported as to indicate the futility of a full hearing on the merits. In such a case, where adherence to the rule of caution results in a denial of summary judgment, the court may feel that there has been an unjustified extension of fruitless litigation. Our own experience attests an occasional impulse to amputate at once rather than face the prospect of surgery hy painful stages, hut herein lies the occasional margin of error.”
Reverting to the instant case, any suspected weakness in the issues raised or the foreseeable difficulty of proving certain allegations may not rightly be used as a yardstick for granting or denying summary judgment. Summary judgment was not intended as a broad alternative to the trial of cases, and the procedural short cut may tend to retard rather than promote the administration of justice in that material issues of law and fact may be overlooked or lightly regarded in the peremptory atmosphere of an abridged proceeding. Forston v. Atlantic Engineering and Mfg. Corp., Fla.App.1962, 143 So.2d 364, 368.
Defendant’s counterclaim and amended answer question the propriety of plaintiff’s payments under the bond. By the bonding contract under the terms of Ahrlich’s application, the defendant indem-nitor guaranteed completion of certain electrical construction. Defendant alleges completion of said construction and full payment to all laborers and suppliers; that full performance of the obligations under which the bond was conditioned prevented liability on the part of the surety; that payment made by the general contractor to the surety was wrongfully collected and disbursed; and that the disbursements were not made in good faith.
We do not have the benefit of a transcript of the arguments presented at the hearings on the motions to strike, and the orders striking various defenses and the counterclaim do not state the court’s reasoning with particularity.
We think Paragraph 11 of the original answer was properly stricken, but other defenses therein alleged may have merit. Certain allegations in defendant’s pleadings may have been set out more definitely, but where a pleading is not wholly bad the pleader should be accorded opportunity for clarification in response to motions less drastic than a motion to strike which, as employed in this case, apparently paved the route to summary judgment.
For the reasons indicated, it is our conclusion that the case should not have been disposed of summarily. The judgment accordingly is reversed and the cause remanded for appropriate repleading and further proceedings not inconsistent with the tenor of this opinion.
Reversed and remanded.
SMITH, C. J., WHITE, J., and WARREN LAMAR, Associate Judge, concur.