PER CURIAM.
The plaintiff, who claimed damages for an injury resulting from an automobile collision, appeals a summary final judgment for the defendant who was the owner of the other car involved in the collision. The owner, defendant, prevailed on his motion for summary judgment upon the holding that there was no genuine issue of- fact because it appeared without conflict that the driver of the car was at the time of the accident driving without the consent of the defendant.
The record contains an extract from the transcript of the trial of thé driver on the traffic violation. The driver testified that she sought and obtained permission to drive the car from her boy friend who was also a friend and companion of the owner.
It is true that all inferences of fact from the proofs proffered at the hearing on a motion for summary final judgment must be drawn against the movant and in favor of the party opposing the motion. Warring v. Winn-Dixie Stores, Fla.App.1958, 105 So.2d 915; Radice v. Morris, Fla.App.1961, 135 So.2d 231; Via v. Tillinghast; Fla.App.1963, 153 So.2d 59. However, here the appellant contends that an inference of- consent arises from the fact that the owner did not stop the driver at the time the car was taken, but this inference is dependent on another inference that the owner overheard the driver’s statement to the mutual friend and was aware that the car was being taken. We think this result is prohibited .by the rule that an inference may be founded upon an inference only when no contrary reasonable inference may be indulged. See Voelker v. Combined Ins. Co. of America, Fla.1954, 73 So.2d 403; Commercial Credit Corporation v. Varn, Fla.App.1959, 108 So.2d 638.
Affirmed.