MELVIN, WOODROW, Associate Judge.
The plaintiffs appeal from a summary final judgment entered in favor of defendant
The complaint alleges that Beatrice Strohm was injured while shopping in defendant’s store; that defendant so negligently stacked its brand canned beer to a. height of five or six feet that should a customer pick up or brush against one carton, the entire stack would fall; that while her attention was directed to the contents of a frozen food counter, an unidentified purchaser picked up or brushed against a carton of such beer and said beer display fell, striking and injuring plaintiff,. Beatrice Strohm; that defendant’s alleged negligent and careless stacking of the beer display constituted a dangerous condition,, and that as a direct and proximate result of defendant’s alleged negligence, plaintiff,. Beatrice Stroh'm, was injured.
Defendant answered the complaint by denying all allegations of negligence; pleaded contributory negligence, and that the negligence, if any, in causing the beer display to fall was the act of a third party, a customer in defendant’s store. Defendant moved for summary final judgment based upon the pleadings and depositions on file.. We have examined the depositions in the light of the issues developed by the pleadings. The facts revealed by the depositions-fail to overcome every theory on which,, under the pleadings, plaintiffs’ position might be sustained. Smith v. Musso, Fla.App.1963, 151 So.2d 475; Matarese v. Leesburg Elks Club, Fla.App. 1965, 171 So.2d 606, Opinion filed January 15, 1965; Posey v. Pensacola Tractor & Equipment Company, Fla.App.1962, 138 So.2d 777.
It may be gleaned from the depositions-that the beer display was stacked to a. height of six feet three inches; that a. customer of considerable less height removed a hand carton from the top of the display and thereupon the remaining cartons came tumbling down, striking plaintiff, Beatrice Strohm.
If at trial plaintiffs should establish the alleged negligence of the defendant in stacking the beer carton display at such *443 height, manner and location as to constitute .a hazard to its business invitees, and that such alleged negligence was the proximate cause of her alleged injury, her cause of action would not disappear upon proof that another customer caused the same to fall by selecting and removing a carton from the display. Winn-Dixie Stores, Inc. v. Fellows, Fla.App.1963, 153 So.2d 45.
The summary final judgment appealed from is reversed.
SHANNON, Acting C. J., and WHITE, J., concur.