HENDRY, Chief Judge.
This is an appeal by plaintiff, Lillie Mae Mulkey, of a summary final judgment entered by the Civil Court of Record in favor of the defendants in an action to recover damages for injuries allegedly suffered in a bus operated by defendants.
Plaintiff boarded a bus owned by the defendant, Metropolitan Dade County, and operated by the defendant, Arthur E. Zimmerman. She proceeded to the rear of the bus and sat in a side seat which faces the aisle. The bus was traveling east on Flag-ler Street in downtown Miami. Plaintiff testified that she didn’t know -what happened except that the bus “stopped all at once” and she fell on the floor striking her knee which caused her back to twist.
The defendant, Arthur E. Zimmerman, testified that he had stopped for a red light at the intersection of First Avenue and East Flagler Street. Immediately across the intersection there is a regularly designated bus stop which can accommodate two *547 buses. After the light turned green, Zimmerman drove the bus across the intersection at a speed of three to five.miles an hour. While attempting to stop at the aforementioned bus stop a car cut in front of the bus, came to a sudden stop and instantaneously, the right door of the car opened and a woman jumped out. At this moment, Zimmerman applied his brakes quickly to avoid hitting the car or the alighting woman and stopped within two to five feet. Upon stopping, a passenger informed Zimmerman that a woman, later identified as plaintiff, was lying on the floor in the rear of the bus.
This court has affirmed a directed verdict for the defendant where, as here, the sudden stop was not of extraordinary violence and the evidence relating to the actions of the driver at the time of the stop together with the abrupt stop was insufficient to establish negligence.[1] However, the plaintiff contends that the trial court erred in granting a summary judgment because there were inconsistencies in the driver’s testimony which would create a genuine issue of fact. She asserts that the driver was hazy as to whether he first saw the car which cut in front of him as it was cutting in front of the bus or when it stopped in front of the bus. If the latter, it is argued that a jury could reasonably conclude that he failed to see that which he should have seen. Plaintiff also asserts that if the driver did see the car as it cut in front of him but did not apply his brakes until the woman jumped out of the car, a jury could reasonably conclude that the driver waited too late to apply his brakes.
To the contrary, it is our determination that it would be unreasonable for a jury to conclude that the driver was negligent even if they believed the theories asserted by the plaintiff to be true considering the speed of the bus at the time of the accident, the suddenness of the occurrence, and the short distance in which the driver was able to stop the bus
Therefore, we find that the facts revealed by the depositions overcome every theory upon which, under the pleadings, plaintiff’s position might be sustained and that there is no genuine issue as to any material fact. We hold that the trial court was correct in granting the defendants a summary judgment as a matter of law.[2]
Accordingly, the judgment appealed is affirmed.
Affirmed.

. Blackman v. Miami Transit Company, Fla.App.1960, 125 So.2d 128, 92 A.L.R.2d 1387.

. Strohm v. Winn-Dixie Stores, Inc., Fla.App.1965, 174 So.2d 441; Posey v. Pensacola Tractor & Equipment Company, Fla.App.1962, 138 So.2d 777.