183 So.2d 3 (1966)
Natalie H. CARTER and Hubert M. Carter, Her Husband, Appellants,
v.
Jack C. PARKER, Sr., and Lydia Parker, Appellees.
No. 5682.
District Court of Appeal of Florida. Second District.
February 16, 1966.
Rolfe D. Duggar and Robert E. Beach of Roney & Beach, St. Petersburg, for appellants.
Michael B. Piper, of Harris, Barrett, Dew & Sieber, St. Petersburg, for appellees.
*4 LILES, Judge.
Appellants, plaintiffs below, bring this appeal from a final summary judgment rendered in favor of appellees, defendants below.
Suit was filed to recover damages for injuries sustained by plaintiff wife when she tripped over the leg of a chair in defendants' cocktail lounge. Plaintiffs alleged, among other things, that defendants were negligent in maintaining their premises in such a dimly lit state as to constitute a danger to patrons of the establishment, in arranging their tables and chairs in a crowded and congested manner, and in using chairs which had "extreme protruding legs" and thus created a dangerous condition to persons moving about the premises.
Defendants filed no answer, but moved for summary judgment based upon the pleadings and plaintiff-wife's deposition. The trial court entered summary judgment in defendants' favor without stating the basis for its ruling.
The question before us is whether the pleadings and deposition show the existence of any issue of material fact upon which reasonable men might disagree. It is well settled that a moving party for summary judgment admits the basic facts established favorable to the adverse party and such facts must be construed in the light most favorable to the adverse party. Smith v. Musso, 151 So.2d 475 (D.C.A.Fla. 1963). Furthermore, extreme caution should be exercised in granting summary judgments in negligence cases, since the issue of negligence is ordinarily a jury question. Saunders v. Kaplan, 101 So.2d 181 (D.C.A.Fla. 1958). Plaintiffs' complaint alleges that defendants' lounge was kept in a darkened state; that the tables and chairs were arranged in a congested and hazardous manner; that the chairs on the premises were constructed in such a manner as to create a dangerous condition; and that because of the dimly lit atmosphere, patrons of the lounge were not aware of these dangerous conditions. Plaintiff-wife's deposition tends to support the fact that the lounge was dark; that the tables and chairs were close together; and that the base of these chairs protruded at an extreme angle.
There is little doubt that plaintiffs were invitees of defendants' place of business. As such, defendants owed plaintiffs the duty of keeping their premises in a reasonably safe condition and to guard plaintiffs against dangers of which defendants were cognizant or might reasonably have foreseen. McNulty v. Hurley, 97 So.2d 185 (Fla. 1957). We are of the view that the pleadings and deposition show the existence of a fact issue as to whether defendants breached this duty owed to plaintiffs. Thus, it was error to grant summary judgment in defendants' favor.
Defendants contend that plaintiff-wife's deposition shows she was guilty of contributory negligence as a matter of law and thus is precluded from recovery even if defendants were negligent. This issue is also one for a jury to determine and, under the circumstances, it would have been error to grant defendants a summary judgment on that basis.
For these reasons, the judgment of the trial court is reversed.
SHANNON, Acting C.J., and HEWITT, ROBERT S., Associate Judge, concur.