MILLS, Judge.
Appellants Zeigler, defendants below, appeal from a summary final judgment entered against them in a suit brought by ap-pellee, plaintiff below, to vacate a contract for deed. The sole issue before us is the propriety of the trial court’s entry of summary judgment.
Plaintiff’s complaint alleges that by quitclaim deed defendants Mangold deeded the property in question to the Zeiglers subject to the contract for deed previously entered into between plaintiff and the Mangolds, and the Zeiglers failed to make the monthly payments, maintain insurance, and prevent deterioration as required by the contract. The Zeiglers answered admitting the contents of the contract, quitclaim deed, and default in making the required monthly payments, but denying the failure to maintain insurance and prevent deterioration. In addition, the Zeiglers affirmatively pled or counterclaimed alleging they were precluded from performing under the contract due to certain actions of plaintiff, demanding an accounting, offering to pay the sums due, and if the contract was foreclosed, protecting their equity of redemption. Plaintiff did not reply to the counterclaim, but moved for summary judgment. At the summary judgment hearing, the trial court had before it only the complaint, answer and counterclaim upon which it entered summary judgment for plaintiff. We reverse.
This Court stated in Posey v. Pensacola Tractor & Equipment Company, Inc., 138 So.2d 777 (Fla.App.1962):
“It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary’s position might be sustained.”
The Zeiglers’ allegations that plaintiff’s actions precluded them from complying with the contract and their contentions that they were entitled to an accounting, an opportunity to pay, and if the contract foreclosed, equity of redemption, were not controverted and remain unresolved.
We are of the opinion the trial court should have considered plaintiff’s action as a mortgage foreclosure [Mid-State Investment Corp. v. O’Steen, 133 So.2d 455 (Fla.App.1961)]; and based on the plead *202 ings before it at the summary judgment hearing, it should have denied plaintiffs motion, as several controverted issues of material fact existed under the theory raised by the Zeiglers’ pleadings which the trial court could not resolve until hearing evidence at an adversary final hearing.
Reversed and remanded for proceedings consistent herewith.
RAWLS, C. J., and JOHNSON, J., concur.