OTT, Judge.
Plaintiff/Nancy Stewart appeals a final summary judgment in favor of defendants/Jeff Aderholt and his insurer, Royal Globe Insurance Company. We think the facts, if considered in the light most favorable to the plaintiff, are sufficient to raise material issues of negligence and contributing negligence that preclude summary judgment, and we therefore reverse.
The pleadings and depositions show at least the following facts. On the afternoon of May 1, 1973, Jeff Aderholt, age 8, met his friend Mark Elliot, age 12. They decided to ride around on Jeff’s bicycle. Mark, the larger of the two boys, pedaled the bicycle. Jeff was either behind Mark on the banana seat (Jeff’s testimony) or on the handlebars (Mark’s testimony). While traveling west on the right hand side of Terrace Drive in Plant City, they came upon appellant/Nancy Stewart, age 13, who was walking in the same direction on the grass along the right hand side of the street. She heard Jeff say “beep, beep” and started to turn around, stepping into the street as she did so. The bicycle hit her, knocking her to the ground. She felt something go into her leg and lost consciousness; when she recovered consciousness, she was in the hospital emergency room.
Summary judgment may not be granted if, resolving all disputed facts and inferences therefrom against the moving party, the pleadings, depositions, and affidavits before the trial court evince the existence of a genuine issue of material fact. Of course, the inferences in favor of the nonmoving party may disappear in the course of trial, in which case a directed verdict may properly be granted. See, e. g., Radice v. Morris, 135 So.2d 231, 232 (Fla.2d DCA 1961).
The above facts sufficiently suggest to us that material allegations and denials are at least presented on:
(1) Whether or not the two boys acted in concert or were effectively asserting joint control of the bike’s operation. (We note in passing that we are not to be construed as holding that joint control is synonymous with joint enterprise.)
(2) Whether or not independent acts of Jeff, an 8 year old, constitute actionable negligence; either independently or in concert with others.
(3) Whether or not the acts of Nancy were reasonable — constituted negligence.
We have not been cited to any authority nor do we know of any which holds a simple bicycle to be a dangerous instrumentality. Consequently, nothing herein is to be construed as indicating vicarious liability of Jeff solely on the basis of ownership of the bicycle.
Reversed and remanded for further proceedings not inconsistent with this opinion.
McNULTY, Acting C. J., and GRIMES, J., concur.