THE WHITE MOTOR COMPANY, an Ohio Corporation etc., the Assignee of The White Company, an Ohio corporation etc., v. GEORGE L. BRILES and FRED BRILES, Individually and as Copartners doing business under Firm Name and Style of BRILES MOTOR COMPANY.

188 So. 222.
Opinion Filed April 18, 1939.

*Don Oliver* and *Walter Warren*, for Plaintiff in Error; *J. W. Austin,* and *J. W. Hunter,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of defendant on demurrer sustained to second amended declaration in two counts as follows:

"FIRST COUNT

"For that on the 28th day of February A. D. 1934, defendants, for value received, by guaranty in writing under seal, signed by George L. Briles for the Briles Motor Company, said guaranty being hereto attached and made a part of this declaration and being marked Exhibit 'A,' guaranteed The White Company, which said The White Company assigned such guaranty to The White Motor Company on the 30th day of September, 1934, as appears by assignment on the margin of said guaranty, and by reference to a certified copy of a resolution of the Board of Directors of The White Company, dated the 30th day of September, 1934, and which is attached to and made a part of this declaration, and marked Exhibit 'B,' that A. C. Yonally would pay to C. I. T. Corporation for the account of the C. I. T. Corporation the amount of 1359.00 as balance due on 1 New Indiana Truck Model 95 Serial Number N-423 Eng JXC-514622, sold by plaintiff's assignor to the said A. C. Yonally, and that defendants further agreed in and by said guaranty that in the event of any repossession and resale of the above described property to pay any deficiency arising upon such resale, which guaranty is hereto attached and made a part hereof as aforesaid. That the said A. C. Yonally defaulted in payment as guaranteed by failing to make the payment due under said contract on January 1st 1935 as will appear by reference to a schedule of payments and defaults hereto attached and made a part of this declaration and marked Exhibit 'C.' Wherefore plaintiff took up or repossessed said truck from A. C. Yonally on or about March 26th 1936 and spent the sum of $31.75 for repairs on said truck and sold the said truck for the sum of $75.00 for the account of the said A. C. Yonally. That after such sale as aforesaid there was a deficiency suffered

by plaintiff by reason of the default aforesaid $973.11 principal and interest as of March 26th 1936. That plaintiff thereafter made demand for a deficiency of $973.11 principal and interest on said sum at the rate of eight per centum per annum from the 26th day of March A. D. 1936, but said defendants failed and refused to pay such deficiency fully or any part thereof, and the defendants afterwards upon demand failed and refused to make good their and its said guarantee, or to pay plaintiff said amount upon demand, to the great damage of plaintiff.

"Wherefore, plaintiff sues defendants and claims damages in the sum of $4000.00.

"Second Count

"For that on the 31st day of January, 1934, defendants for value received, by guaranty in writing under seal, signed by George L. Briles for the Briles Motor Company, said guaranty being hereto attached and made a part of this declaration and being marked Exhibit 'D,' guaranteed The White Company, which said The White Company assigned such guaranty to The White Motor Company, on the 30th day of September, 1934, as appears by assignment on the margin of said guaranty, and by reference to a certified copy of a resolution of the Board of Directors of The White Company, dated the 30th of September, 1934, and which is attached to and made a part of this declaration and marked Exhibit 'B' that A. C. Yonally would pay to C. I. T. Corporation for the account of the C. I. T. Corporation the amount of $2740 as balance due on 2 New White Trucks Model 702's Serial Numbers 181376 and 181555, Eng 561 and 796, sold by plaintiff's assignor to the said A. C. Yonally, and that defendant further agreed in and by said guaranty that in the event of any repossession and resale of the above described property to pay any deficiency

arising upon such resale, which guaranty is hereto attached and made a part hereof as aforesaid. That the said A. C. Yonally defaulted in payment as guaranteed by failing to make the payment due under said contract on December 17th 1934, as will appear by reference to a schedule of payments and defaults hereto attached and made a part of this declaration and marked Exhibit 'E.'

"Wherefore plaintiff took up or repossessed said trucks from A. C. Yonally on or about March 26th 1936 and spent the sum of $477.52 for repairs on said trucks and sold Truck No. 181376 for $625 for the account of A. C. Yonally and sold Truck No. 181555 for $650 for the account of A. C. Yonally. That after such sales as aforesaid there was a deficiency suffered by plaintiff by reason of default aforesaid of $944.94 principal and interest as of March 26th 1936. That plaintiff thereafter made demand for a deficiency of $944.94 principal and interest on said sum at the rate of eight per centum per annum from the 26th day of March, A. D. 1936, but said defendants failed and refused to pay such deficiency fully or any part thereof, and the defendants afterwards upon demand failed and refused to make good their and its said guarantee, or to pay plaintiff said amount upon demand, to the great damage of plaintiff.

"Wherefore, plaintiff sues defendants and claims damages in the sum of $4000.00"

The conditional sales contract is as follows:

"Exhibit 'A' 9600 34-1331

"Go 1237 D-A 250 10-33-X

"THE WHITE COMPANY          CLEVELAND, OHIO

"Conditional Sale Contract

"(For use in Florida only) Trans. from Tampa

"Original to be sent to The White Company, Cleveland.

"The undersigned, A. C. Yonally, an individual, engaged in the business of Citrus Hauler & Grower at Tavares, Fla., and hereinafter called 'Purchaser,' hereby purchases this 2-28-34 (date) from The White Company hereinafter called 'Seller,' the following goods complete with standard attachments and equipment delivery and acceptance of which in good order, is hereby acknowledged.

"New Motor Truck

| No. | Used | Motor Bus | Make | Model | Serial No. | Type of Body |
|-----|------|-----------|------|-------|-----------|--------------|
| 1 | NEW | TRUCK | INDIANA | 95 | N-423 Eng JXC-514622 | None |

on which there remains unpaid as a part of the purchase price the sum of $1359.00, which the Purchaser hereby promises and agrees to pay as shown in Schedule of Payments herein, at C. I. T. Corporation, 502 Stovall Professional Bldg., Tampa, Fla. (Bank where payable) (Address) for the account of the C. I. T. Corporation with interest thereon after maturity at the rate of 8% per annum and, if this contract be placed with an attorney for enforcement because of the default on the part of the purchaser, or his failure to carry out any of the provisions of this contract, 15% of the amount due hereunder as attorney's fees or, if prohibited, the amount prescribed by law.

"It is understood and agreed that title to said property shall not pass to the purchaser until said total price with interest up to the time this contract terminates is fully paid; that all charges

| Schedule of Payments | | |
|------|----------|-------------|
| No. | Due Date | Installment |
| 1 | 4-1-34 | 151.00 |
| 2 | 5-1-34 | 151.00 |
| 3 | 6-1-34 | 151.00 |

| Schedule of Payments | | |
|---|---|---|
| No. | Due Date | Installment |
| 4 | 1-1-35 | 151.00 |
| 5 | 2-1-35 | 151.00 |
| 6 | 3-1-35 | 151.00 |
| 7 | 4-1-35 | 151.00 |
| 8 | 5-1-35 | 151.00 |
| 9 | 6-1-35 | 151.00 |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| | Total | $1359.00 |

for repairs, supplies, parts and storage on said property shall also be secured by said retention of title, and that the seller in addition to all other remedies for collection of such separate charges shall have the right to withhold the passing of title to the purchaser until all such charges are fully paid; that no transfer, renewal, extension or assignment of this contract or any interest thereunder, or injury to or loss or destruction of said property shall release the purchaser from his obligation hereunder; that any assignee, shall be entitled to, all rights of the seller; that the purchaser shall keep said property free from all liens, taxes and encumbrances, shall not use same illegally, improperly or for hire, shall not remove same from the county or state of his residence in violation of law or without seller's permission, shall not transfer any interest in this contract for said property, shall not make any material change in the chassis, body or special equipment without seller's written consent, and shall carry insurance on said property in companies approved by The White Company payable to The White Company as its interest may appear, against loss by collision in any amount in excess of $250.00 up to the value of the car at the time of the collision, and against loss by fire during the first six months of this con-

tract in any amount up to 80% of the selling price of the car before deducting any exchange car allowance, the coverage decreasing 2% per month after the first six months but not exceeding the value of the car at the time of the loss, it being agreed that The White Company may carry such insurance if the purchaser fails so to do and may add to the indebtedness hereunder the cost of the same, which the purchaser hereby agrees to pay.

It is further agreed that if the purchaser shall fail to perform and fulfill all the agreements and conditions herein or to pay all sums herein agreed by him to be paid as specified, or if said property or any part thereof shall be attached, or if he shall sell, mortgage or pledge the same or any part thereof, or shall so attempt to do, or shall fail to pay when due any charges for repairs, supplies, parts or storage on said goods up to the time this contract terminates, or if a petition in bankruptcy be filed by or against, or a receiver be appointed or application for the same be made for the purchaser, then in either or all of such events, the full amount of said total price remaining unpaid shall at the election of the seller become immediately due and payable, and further, in either or all of such events, or if the seller shall deem it necessary for his more complete and perfect security, said seller may take immediate possession of said property including all equipment, attachments and accessories thereto, and all right of the purchaser hereunder and in said property, and all attachments, equipment and accessories shall cease and terminate thereupon absolutely, and the purchaser hereby expressly waives any action or right of action of any kind whatsoever against the seller because of the removal, repossession or retention of said property or otherwise, and hereby consents and agrees that all payments heretofore made shall be deemed as made for the use and wear of the said property during

the time it remains in possession of the purchaser and may be retained and kept by the seller as payment therefor and as liquidated damages, and that the seller may also proceed to collect all sums then remaining unpaid, which shall be considered as liquidated damages for the breach of the terms of this contract by the purchaser.

There are no agreements, understandings or representations between the parties hereto not embraced herein, except such as are contained in the order given by the Purchaser for said property, it being agreed that this instrument and said order contain the entire agreement between the parties.

"The Purchaser hereby expressly covenants and warrants that the within described property shall not be used either with or without his permission for the illegal manufacture, sale, bartering, storage or transportation of intoxicating or prohibited liquor, nor so as to violate any law or regulation of the United States or any State or any subdivision of any State, and any such use of said property shall thereupon cause the entire indebtedness herein to become immediately due and payable, and shall be a violation of the provisions of this contract, which entitles the seller herein to all the options, rights and remedies provided in case of default by the Purchaser.

"Executed in triplicate, one copy of which was delivered to and retained by the purchaser the day and year first above written."

The assignment and guarantee by Briles Motor Company to The White Company sued on in the first count is as follows:

"Assignment and Guaranty.

"For Value Received, the undersigned does hereby sell, assign and transfer to The White Company of Cleveland, Ohio, or its assigns, his, its or their right, title and interest

in and to the within contract, and the property covered thereby, and authorizes said The White Company to do every act and thing necessary to discharge the same and to collect the moneys due and to become due thereunder, and does hereby guarantee the payment of all moneys due and to become due under the said contract, and does also guarantee the full performance by purchaser therein named of all the purchaser's promises and covenants, and does hereby affirm that the property described in the within contract has been delivered by seller to purchaser. The liability of the undersigned shall not be affected by any assignment, indulgence, compromise, settlement, extension of credit, or variation of the terms of said contract effected by or with the purchaser or any other person interested or by any act or thing that might otherwise operate as a legal or equitable discharge of a surety or guarantor, the intent of this assignment and guaranty being that the undersigned shall be and remain liable for the performance by the purchaser of all of the terms and conditions of the within contract upon the part of the purchaser to be performed, until all such obligations shall have been performed in full. Notice of acceptance of this guaranty, notices of non payment and non performance, notices of amount of indebtedness outstanding at any time, and all other notices, protests, demands, and prosecution of collection, foreclosure and possessory remedies are hereby expressly waived.

"The undersigned further agrees in the event of any repossession and resale of the property which is the subject of the within contract, to pay any deficiency arising upon such resale, including the expenses of such resale, and attorney's fees connected therewith, and further agrees in the event of any suit upon said contract to pay all costs and expenses connected therewith and a reasonable attorney's fee."

The assignment by The White Company to The White Motor Company is as follows:

"All the right, title and interest of The White Company in and to this conditional sale contract and the property covered thereby are hereby assigned to The White Motor Company this 30th day of September, 1934."

The contracts made the basis for the second count of the second amended declaration and the assignments and gaurantee thereof are in all material respects like those above set forth except as to amounts and dates as indicated in the declaration.

It is contended that the case at bar is ruled by the legal principles enunciated in the case of Baer, *et al.*, v. G. M. A. Corporation, 101 Fla. 913, 132 Sou. 817, in which it was held:

"3. Upon breach of a conditional sales contract, the vendor may either treat the sale as absolute and sue for the price or he may treat the sale as canceled and recover the property; he cannot pursue both courses, and an election of one of the two remedies may operate as a waiver of the other.

"4. An assignment of a conditional sales contract which had reserved title in original vendor gives the assignee the legal status of the vendor and upon default of payments such assignee may repossess the property.

"5. The assignee of a conditional sales contract, payment of which is guaranteed by assignor, may, upon failure of purchaser to complete contract, either retake the property or look to the assignor for the remainder of the purchase price.

"6. There is no doctrine more thoroughly established in this State than that when one holds a conditional sales contract in which he reserves the title to personal property

sold and retains the right, upon the failure of the vendee to make the stipulated payments, to retake possession of the property, cannot after exercising his right to retake the property continue the pursuit of the purchaser on the debt. He cannot be both owner of the property sold and creditor of the vendee for the amount of the purchase price. He cannot have both the remedy of retaking possession of his property and suit to enforce the debt for the purchase price.

"7. An assignee of a conditional sales contract title cannot be both the owner of the property designated and creditor of assignor at the same time, even though assignor guarantees payments."

This contention would probably be tenable but for the inclusion of the last paragraph of the so-called guaranty last above quoted. The quoted paragraph makes this more than a contract of guaranty. It obligates the assignors to pay to the assignee, or its assigns, any deficiency which should remain of the sum of $1359.00 after the re-possession and sale of the involved motor truck. This constituted an independent contract and promise to pay conditioned only upon the assignee's failure to realize the full amount $1359.00 from the original obligor or from re-possession and re-sale of the involved motor truck. The repossession of the assignee of the motor truck may have discharged the vendee from obligation to pay but under the plain terms of the assignment of the retain title contract it did not discharge the obligor in that contract.

Therefore, the judgment must be reversed and it is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, CHAPMAN, and THOMAS, J. J., concur.