CATHERINE COHAN COWAN, a widow, v. ORANGE BELT SECURITIES COMPANY

194 So. 489
En Banc
Opinion Filed March 5, 1940

*Newlin & McCardell* and *P. C. Gorman,* for Plaintiff in Error;

*Duncan, Hamlin & Duncan, Bedell & Bedell, George Bedell* and *Chester Bedell,* for Defendant in Error.

PER CURIAM.—This writ of error brings for review final judgment dismissing plaintiff's common law action.

It is made to appear that on April 21, 1926, Joseph P. Cowan entered into an agreement with the W. J. Howey Co. to purchase from it 25.73 acres of land in Lake County, Florida, for a consideration of $37,771.00, 18 1/8 acres thereof being planted in citrus trees, the contract being signed by W. J. Howey as President of the Corporation. Simultaneously with the execution of the purchase agreement and as a part of the same transaction, the Orange Belt Securities Co., by W. J. Howey, its President, and Joseph P. Cowan executed a "maintenance and guaranty agreement" wherein the corporation agreed to repurchase the land from the purchaser, Joseph P. Cowan, under certain conditions and for a consideration to be set forth later herein. The latter agreement was under seal.

The "maintenance and guaranty agreement" provided

that the defendant corporation was to cultivate the land planted to citrus until seven merchantable crops had been gathered, for a consideration of $30.00 per acre per year from the date of planting for the first four years, and $35.00 thereafter. It was also agreed that the defendant corporation have charge of the spraying, fertilizing and irrigating the grove when necessary, and marketing the fruit during the life of the agreement, and the purchaser agreed to pay for such expenses on demand. The purchaser also agreed to pay taxes when due.

The "maintenance and guaranty agreement" provided that if the defendant corporation performed the work mentioned in the preceding paragraph for the first seven crop years, the first year to begin with the fourth year after the trees are planted, the corporation would guarantee to the purchaser that the first seven crops from said citurs trees would yield to said purchaser an amount of money equal to the expense incurred "in the purchase of and preparation of said land, the buying and planting of trees, the maintenance of the citrus grove, the payment of taxes, cost of fertilizer, spraying material, etc." and in case the money realized from the sale of said fruit does not meet said expenses, the defendant corporation agrees to purchase *all of said property* from the purchaser, upon presentation of a warranty deed and an abstract brought down to date, or on a written opinion from Duncan & Hamlin showing merchantable title. The defendant corporation agreed to pay as consideration for such re-purchase all of such expenses incurred by the purchaser with interest at 6%, less such amounts as have been paid from sales of fruit therefrom. The option of the purchaser to enforce the guaranty was to be exercised within 90 days after the seventh crop of fruit had been gathered and sold.

The contract also provided that the "seven crops" re-

ferred to shall stand only where " the purchase price of the land, trees, etc., thereon shall not exceed $999.00 per acre"; that said "seven crops" shall be "eight" where said purchase price is $1,000.00 to $1,199.00 per acre; and shall be "ten crops" when the purchase price is $1,200.00 to $1,500.00 per acre.

On April 25, 1929, Joseph P. Cowan died testate, leaving a part of said property, "Lot 2 First Subdivision of Howey, Lake County, Florida," to his widow, Catherine Cohan Cowan.

The widow brought this action at law against the Orange Belt Securities Co. to require it to perform its covenant to repurchase. The declaration consisted of one special count and six common counts. The special count was based upon the theory that "ten crop years" had elapsed, and that the property had not yielded enough to cover the expense of owning and operating it, and defendant should repurchase it under the agreement.

A demurrer was sustained to the special count, and a motion to strike was granted as to the common counts; and, plaintiff declining to amend, final judgment was entered in favor of defendant.

Writ of error was taken by plaintiff.

The first contention made is that the contract was not personal and could be enforced by the widow after the death of her husband, Joseph P. Cowan, who contracted with the defendant.

This contention is correct. The contract relates to the purchase and repurchase of land, under certain conditions. There is nothing of a personal nature about the contract that could not be enforced by a personal representative or a devisee of Joseph P. Cowan. See Whiddon v. Sunny South Packing. Co., 120 Fla. 191, 162 So. 503; 12 Am. Jur. 950; White Motor Co. v. Briles, 137 Fla. 268, 188

So. 222. This contention is further borne out by a clause in the contract itself indicating that the contract is enforceable against the heirs or assigns of the purchaser, and by mutuality of remedy it should also be enforceable against the contracting corporation.

It is next contended that plaintiff could, under the contract, require the Orange Belt Securities Co. to repurchase only a part of the property covered by the contract between the original parties; that is, plaintiff wanted defendant to repurchase Lot 2, without also offering Lot 11.

This contention is not sound. The contract of purchase was for the entire tract of 25.73 acres, 18 1/8 acres being planted in citrus trees. The price of $37,771.00 was for the entire tract. It seems obvious that some parts of the land are more valuable than other parts, because land planted to citrus is more valuable than that left barren. Further, it is well known that all land planted to citrus is not of equal value. Some of the elements that enter into a difference in the value of citrus lands, are, its relative protection against freezing weather, the productivity of the soil in which planted, the variety of citrus planted, the root stock, the relative protection against winds, and other considerations. For these reasons we cannot say that any part of this property planted to citrus was equal in value to that of any other part. There is nothing in the contract to indicate that the same value was placed on all of the land. There is nothing in the contract to indicate that the parties regarded it as severable. In view of all these considerations, we must hold the contract entire, and the Orange Belt Securities Co. cannot be required to repurchase any quantity of the property less than that conveyed to Joseph P. Cowan in the first instance.

The next contention made is that the court erred in striking, on motion, the common counts.

The only way in which plaintiff could compel performance of the contract to repurchase was to tender to the defendant corporation the same amount of the land that had been purchased by Joseph P. Cowan. Plaintiff had not done this but had tendered only part of it. She had not performed all that was necessary for her to perform in order to demand repurchase and payment by defendant corporation under the terms of the contract. The cause of action depends upon the terms of a special contract, shown to be entire and not severable. The general rule is that where an action is founded on breach of an executory express contract, or where the contract is open and subsisting, the form of assumpsit must be special and not general. See 4 Am. Jr. 498, Sec. 7, citing White v. Barber, 123 U. S. 392, 31 L. Ed. 243, 8 Sup. Ct. 221; Dermott v. Jones, 2 Wall (U. S.) 1, 17 L. Ed. 762; Chesapeake & Ohio Canal Co. v. Knapp, 9 Pet. (U. S.) 541, 9 L. Ed. 222 and other cases. The reason for the rule is that the parties are bound by their agreement and there can be no ground for an implied agreement. If a contract has been fully performed, and nothing remains to be done but to pay the money, recovery may be had in general assumpsit; but if something other than the mere payment of money remains to be done general assumpsit cannot be employed. See Hazen v. Cobb-Vaughan Motor Co., 96 Fla. 155, 117 So. 853; Yates v. Ball, 132 Fla. 132, 181 So. 341; 4 Am. Jr. 498, Sec. 7, and cases cited. The plaintiff had not tendered all of the land she was required to tender under the terms of the contract before demanding of defendant repurchase and payment for the land. Something other than the mere payment of money remained to be done. Therefore general assumpsit was not the proper remedy, and the lower court did not err in striking the common counts from the declaration.

No error having been made to appear in the judgment below, it is accordingly affirmed.

Affirmed.

TERRELL, C. J., WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.

JUSTICE BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.