61 So.2d 493 (1952)
WILLIAMS
v.
BOARD OF PUBLIC INSTRUCTION OF FLAGLER COUNTY et al.
Supreme Court of Florida, Special Division B.
October 24, 1952.
Rehearing Denied November 21, 1952.
Ray Selden, Daytona Beach, for appellant.
Isham W. Adams, Daytona Beach, for appellee.
FABISINSKI, Associate Justice.
The only substantial question raised by this appeal is whether the affidavits offered in support of a motion for summary judgment, on the one hand, and the deposition of the plaintiff (appellant) taken at the instance of the movant, on the other, raise an issue of fact which would justify the submission of the cause to a jury. We consider it as settled that in passing upon a motion for summary judgment requiring an evaluation of the facts, neither the court below, nor this court, is permitted to pass upon the credibility of the witnesses or the comparative weight of the evidence where, as in this case, a jury trial has been demanded.
The case is one upon quantum meruit, wherein the plaintiff, instead of relying upon a written building contract entered into between himself and Security Construction Company, elected to sue for the value of material and labor furnished by *494 him in the attempted execution of the contract. His deposition disclosed that he relies for recovery upon the theory that without any warning, or previous intimation of the company's intention to do so, and without substantial justification, the company procured others to complete the contract, after he had furnished labor and materials in part performance.
The pleadings of the defendant company, and four depositions offered in support of the motion for summary judgment, standing alone, for all practical purposes, establish a complete defense to the complaint. No countervailing affidavits were offered by the plaintiff, although ample opportunity was given him to file them, if he so desired.
Nevertheless, the deposition of the plaintiff contains a complete denial of the essentials of the defense. It denies, both by conclusions of fact, and by detailed facts, that he in any way breached the contract. It denies that he was at any time informed by any one, in authority or otherwise, that the work he had done was unsatisfactory, except in a few minor particulars, which he believed he had corrected to the satisfaction of the architect. He avers that in response to notification that the building had proceeded to the point that he might proceed to completion, he went to the building prepared to complete the job, and found others doing the work he had contracted to do. While there are parts of his deposition from which inferences may be drawn that he was not altogether ignorant of the situation portrayed by the affidavits, nevertheless, the factual position assumed by him is in direct contradiction to the factual situation presented by the affidavits.
The party against whom a motion for summary judgment is urged, is not required to present to the court his entire case, nor to present, by affidavit or otherwise, the testimony of all of his witnesses. It is sufficient if he discloses to the Court that he intends to offer proof of facts, in good faith, which, if such facts contradict the facts to be adduced in evidence by the opposite party, present an issue to be determined by a jury, and would prevent the granting of a directed verdict at the conclusion of the taking of all the evidence in the case.
Having the conviction that the facts before the court below indicated that there was a substantial issue of fact to be presented to a jury, and that upon the facts disclosed by the affidavits presented and the deposition of the plaintiff, the court would not be justified in taking the case from the jury in the event of a trial in which such facts might be adduced, we hold that the motion for summary judgment should have been denied.
Reversed for further proceeding not inconsistent herewith.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.

On Petition for Rehearing
FABISINSKI, Associate Justice.
Motion for rehearing having been made and considered by the Court, it is hereby denied.
In the motion for rehearing counsel called attention to the principle of law that an action of general assumpsit (an action of quantum meruit) will not lie where an open and unexecuted contract exists between the parties. They cite the following cases: Hazen v. Cobb, 96 Fla. 151, 117 So. 853; Cowan v. Orange Belt Sureties Company, 142 Fla. 194, 194 So. 489; Jacksonville American Publishing Company v. Jacksonville Paper Company, 143 Fla. 835, 197 So. 672, and cases cited therein.
The cases cited are wholly inapplicable as they relate to cases in which the contract had been fully performed.
The true rule is stated in Sec. 158, 9 C.J., Building and Construction Contracts, pages 820-821, 17 C.J.S., Contracts, § 509, and in Sec. 786, 13 C.J., Contracts, page 691, 17 C.J.S., Contracts, § 508, wherein a sub-heading indicates that building contracts form a well-recognized exception to the rule exacting strict performance.
SEBRING, C.J., and TERRELL and MATHEWS, JJ., concur.