168 So.2d 330 (1964)
Ocie M. HALEY, Appellant,
v.
HARVEY BUILDING, INC., Appellee.
No. 4501.
District Court of Appeal of Florida. Second District.
October 28, 1964.
Rehearing Denied November 13, 1964.
*331 Wallis E. Schulle, of Earnest, Pruitt & Schulle, West Palm Beach, for appellant.
James S. Robinson, of Sullivan & Robinson, West Palm Beach, for appellee.
SHANNON, Acting Chief Judge.
The plaintiff-appellant appeals a summary final judgment rendered against her and in favor of the defendant-appellee in an action arising out of a slip and fall situation. An opinion had originally been filed affirming the order of the trial court, and Associate Judge Wehle filed a specially concurring opinion. Judge Wehle's concurring remarks motivated the court to give this matter further consideration, and, the time for filing a petition for rehearing not having expired, we decided to withdraw the original opinion and reverse.
The plaintiff was entering an office building, at which time it was raining, and, proceeding across some rubber matting which extended from the doorway towards the elevators, she slipped and fell as she took the first step off the rubber matting onto the marble floor. Appearing in the plaintiff's deposition are the following questions and answers:
"Q. Was there anything on the floor inside the lobby where you stepped at the time you fell? Was there any foreign matter or debris *332 or dirt or accumulation of any substance?
"A. Mister, I was walking, looking where I was going and not down, and after I fell I was so hurt I didn't look. I don't know if that is the answer you want or not, but that is the way it was.
"Q. All I want to know is what you know. Do you know what caused you to fall?
"A. Slick floor.
"Q. The floor was slippery?
"A. As far as I know that is what caused me to fall.
"Q. And 
"A. It could have been something wrong with the mat, I didn't examine it. When you are hurt you don't take time for those things. I asked for a doctor, I knew I was hurt and I knew I was hurt bad, but I didn't examine any floor.
"Q. You say you think it was the slick floor, but there could have been something wrong with the mat?
"A. I am rather positive it was the slick floor polished.
"Q. I'm sorry.
"A. I am rather positive it was the slick floor. One would not slip on a rubber mat. My foot slipped from under me.
"Q. Do you know what made the floor slick?
"A. No.
"Q. Did you ever become aware of any water or puddles or anything on the floor there?
"A. I don't remember it.
"Q. Do you know how long the floor was slick or slippery there before you got there?
"A. No."
In opposition to the defendant's motion for summary judgment the plaintiff tendered two affidavits. One from a woman stated that she had slipped and almost had fallen in the lobby earlier that morning and that the floor was wet and slippery. This occurred at 9:00 A.M., approximately one half hour before the plaintiff's fall. The other affidavit contained the statement of a man who was present when the plaintiff fell. He said that the floor was marble and was wet which caused it to be slippery. Neither affidavit stated that the floor was wet at the particular place where the plaintiff slipped and fell.
If there develops a dangerous condition of a floor, and if this condition has existed for such a length of time that the owner should have known of it, then the owner may be held liable for injuries caused by the dangerous condition. Food Fair Stores of Fla., Inc. v. Patty, Fla. 1959, 109 So.2d 5, and Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789. To enable the jury to find for the plaintiff, it must be shown that a dangerous condition existed and that the owner or employees of the owner would have become aware of this condition by exercising reasonable diligence. Of course it must also be shown that the dangerous condition caused the plaintiff's fall.
The affidavits indicate the floor was wet and slippery when the plaintiff slipped and fell, and that the floor was in a similar condition a sufficient length of time prior to the accident to put the defendant on constructive notice. It was not shown that the floor was slippery at the place where the plaintiff fell, although her deposition shows that she thought it was.
The defendant filed a motion for summary judgment unaccompanied by any *333 supporting affidavits. In Posey v. Pensacola Tractor & Equipment Company, Fla. App. 1962, 138 So.2d 777, Judge Sturgis stated:
"It is elemental that the movant at all times carries the burden of clearly and unequivocally establishing the right to summary judgment, and that it cannot be granted if there exists any controverted issue of material fact or if the proofs supporting the motion fail to overcome every theory upon which, under the pleadings, the adversary's position might be sustained. * * *"
This court has quoted this rule in Smith v. Musso, Fla.App. 1963, 151 So.2d 475.
In determining whether to grant a motion for summary judgment all inferences of fact must be resolved in favor of the nonmoving party. Warring v. WinnDixie Stores, Fla.App. 1958, 105 So.2d 915. In Williams v. Board of Public Instruction, etc., Fla. 1952, 61 So.2d 493, Associate Justice Fabisinski stated:
"The party against whom a motion for summary judgment is urged, is not required to present to the court his entire case, nor to present, by affidavit or otherwise, the testimony of all of his witnesses. It is sufficient if he discloses to the Court that he intends to offer proof of facts, in good faith, which, if such facts contradict the facts to be adduced in evidence by the opposite party, present an issue to be determined by a jury, and would prevent the granting of a directed verdict at the conclusion of the taking of all the evidence in the case."
See also National Exhibition Company v. Ball, Fla.App. 1962, 139 So.2d 489, and Feiner's Organization, Inc. v. Dickson, Fla. App. 1959, 114 So.2d 513.
In the case on review the plaintiff's deposition shows that she is not sure what caused her to fall and neither of the supporting affidavits states that the floor was slippery at the place where plaintiff fell. If no more evidence than this could be presented at trial plaintiff might have difficulty in overcoming a motion for a directed verdict. However, a motion for summary judgment should not be granted if it could be inferred from the evidence that the plaintiff could prove at trial that the defendant was negligent. The defendant, by merely moving for a summary judgment, has not satisfied his burden of showing that the plaintiff will be unable to prove negligence. Therefore the order granting a summary judgment must be reversed.
Reversed.
WHITE, J., and WEHLE, VICTOR O., Associate Judge, concur.