171 So.2d 589 (1965)
Bessie J. JENKINS and Lonnie Jenkins, her husband, Appellants,
v.
Paul W. BRACKIN, Appellee.
No. 4881.
District Court of Appeal of Florida. Second District.
February 12, 1965.
*590 Hugh S. Glickstein, Ft. Lauderdale, for appellants.
Robert Underwood, of Knight, Smith, Underwood & Peters, Miami, for appellee.
ALLEN, Acting Chief Judge.
The plaintiff-appellants appeal a final summary judgment rendered against them in an action arising out of a "green bean slip and fall" incident.
The facts before the trial judge revealed that while a customer in defendant's store, the plaintiff, Bessie Jenkins, slipped and fell on a string bean about three or four feet from the vegetable bin. At the time of the accident, Mrs. Jenkins and her husband were the only customers in the store, and, according to their depositions, there were no other customers in the store during the 15 or 20 minutes preceding the plaintiff's fall.
Other persons present in the store were the defendant, an employee behind the meat counter, and a fourteen year old helper. None of these individuals was near the vegetable bin during the period of the plaintiff's presence in the store; nor did any of them have any knowledge of how the bean happened to be on the floor.
The time of the accident is subject to some dispute. Plaintiffs claimed that it occurred around 6:00 or 6:15 P.M., whereas the defendant, in his deposition, stated that it was between 2:00 or 4:00 P.M. Defendant's helper felt it was about "4:00 or 5:30 P.M." The employee behind the meat counter could not remember the time.
Plaintiffs urge here that the time of the accident is a material fact, because from it the plaintiffs may be afforded a favorable inference as to the length of time the bean was on the floor. The basis for this is the affidavit of the defendant's young helper in which he states that it was his job to sweep the floor when it became dirty; that his hours on the day of the accident were 8:00 A.M. until noon, and 4:00 P.M. until 8:00 P.M.; that the floor did not seem dirty on his return at 4:00 o'clock so he did not sweep it; and that he did not see anyone else sweep the floor from the time of his return.
On these facts, the trial judge granted the defendant's motion for summary judgment finding there was no actual awareness of the bean being on the floor on the part of the defendant or his employees; no evidence of the length of time the bean was on the floor; and no evidence to support the inference that the bean was on the floor long enough so that defendant should have known of its presence.
We find that we cannot agree with the conclusions reached by the lower court.
As has so often been pointed out, the proper issuance of summary judgments is a vexing problem, but the problem reaches its most perplexing proportions in connection with negligence actions. Our only guide is the time honored legal formula that, if the evidence is reasonably susceptible of conflicting inferences, a summary judgment may not be properly entered.
It is not disputed that there is no evidence from which it can be inferred that the bean was on the floor as the result of an act by the defendant or one of his employees. Nor is there any evidence that defendant had actual knowledge of the dangerous condition of his floor. Therefore, plaintiff's theory of liability depends on whether the evidence brings the case within the rule that a proprietor of a public building may be liable if, by the exercise of reasonable prudence, he should have *591 discovered the dangerous condition. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961); Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla. 1959); Haley v. Harvey Building, Inc., Fla.App. 1964, 168 So.2d 330; Grand Union Supermarkets, Inc. v. Griffin, Fla.App. 1963, 156 So.2d 788.
The defendant argues that before the question can arise as to whether he should have discovered the defective condition there must be some evidence of how long the defective condition existed. He asserts that the depositions and affidavits contain no evidence to show how long the bean was on the floor. While it may be true that there is no direct evidence of how long the bean was on the floor, it is inaccurate to say there is no evidence of such matter. Certainly the proof that the defective condition existed long enough so that it should have been discovered may be proved, like any fact, by circumstantial evidence.
Furthermore, the rule imposing liability on a proprietor of a public building, on the basis of constructive notice, creates a duty of making reasonable inspections of the portions of his premises that are open to his customers. It follows then that evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery.
The known facts show that there was a period of between fifteen and twenty minutes immediately prior to the accident that the defendant had not examined the floor in front of the vegetable bin. In addition, giving the most favorable inference to the affidavit of the defendant's helper, as we are required to do, Haley v. Harvey Building, Fla.App. 1964, 168 So.2d 330; Warring v. Winn Dixie Stores, Fla. App. 1958, 105 So.2d 915, it may be inferred that, since it was his duty to sweep the floor, and he had not performed the duty since 4:00 P.M., the floor had not been inspected subsequent to that time.
Add to this the controversy over the time the plaintiffs were in the store plus the fact that the store was small with three employees on the premises, and we feel there existed sufficient circumstances to warrant allowing a jury to determine whether a reasonable time for discovery of the condition existed.
None of the cases relied upon by the lower court compels a contrary conclusion. In each, it was found that there was a complete absence of evidence as to how long the condition of the floor existed. That is not the condition of the record before us.
Accordingly, the judgment appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
WHITE, J., and GERALD, LYNN, Associate Judge, concur.