ALLEN, Chief Judge.
Appellant, plaintiff below, appeals an adverse final judgment entered upon an order granting defendant’s motion for summary judgment.
Plaintiff sued defendant as a result of injuries sustained in an accident, which occurred in defendant’s lobby on August 4, 1964.
*358 Plaintiff alleges that he had gone to the bank to make a mortgage payment and, while in route to the area of the bank where such payments are made, came upon carpeted stairs. As he began to descend these stairs, the carpet on one of the stairs “slipped” under his left foot, causing him to fall to the lower level of the bank lobby. Plaintiff had seen the stairs before the fall and knew of the stairs as he approached them. He did not examine the carpet on the stairs after the accident.
Mr. Glenn Bullock, a vice-president of the bank, stated in an affidavit that he examined the carpet after the plaintiff fell and found the carpet to be snug, secure and free of slippage.
It is to be noted, however, that in his deposition Mr. Bullock stated that he examined the carpet by walking up and down on it, but never tried to move the. carpet with his hands. There was no mention of whether he had ever examined the carpet before or if he, or anyone else at the bank, had made an inspection of the carpeted stairsprior to plaintiff’s fall.
A security guard at the bank stated in his deposition that he observed the carpet after plaintiff’s fall and could see nothing wrong with it. The guard also stated that he did not try to move the carpet with his hands, and further pointed out that he checked the interior of the bank and the carpet nearly every morning. There was no testimony as to whether the carpet had been inspected the morning of the accident.
After hearing the case argued by counsel for the parties and considering the depositions and records, the lower court granted a final summary judgment for the defendant. This appeal ensued.
The question raised by this appeal is: Are there genuine issues of material facts present in this case on which the minds of reasonable men may differ so as to preclude the granting of summary judgment for the defendant ?
 The function of the court under the summary judgment procedure is to determine whether there exist any genuine issues of material fact, not to decide such issues. Buck v. Hardy, Fla.App.1958, 106 So.2d 428; Holmes v. Forty-five Twenty-Five, Inc., Fla.App.1961, 133 So.2d 651. This rule is applied with particular caution in negligence cases, which are extremely troublesome due to the varied fact situations which they present. Saunders v. Kaplan, Fla.App.1958, 101 So.2d 181; Shapiro v. F. W. Woolworth, Fla.App.1960, 120 So.2d 806.
The case of Jenkins v. Brackin, Fla.App.1965, 171 So.2d 589, decided by this court, involved an appeal by the plaintiff-appellants from a final summary judgment rendered against them in an action arising out of a “green bean slip and fall” incident.
The court, in the Jenkins case, stated:
“It is not disputed that there is no evidence from which it can be inferred that the bean was on the floor as the result of an act by the defendant or one of his employees. Nor is there any evidence that defendant had actual knowledge of the dangerous condition of his floor. Therefore, plaintiff’s theory of liability depends on whether the evidence brings the case within the rule that a proprietor of a public building may be liable if, by the exercise of reasonable prudence, he should have discovered the dangerous condition. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla.1961); Food Fair Stores of Florida, Inc. v. Patty, 109 So.2d 5 (Fla.1959); Haley v. Harvey Building, Inc., Fla.App.1964, 168 So.2d 330; Grand Union Supermarkets, Inc. v. Griffin, Fla.App.1963, 156 So.2d 788.
“The defendant argues that before the question can arise to as whether he should have discovered the defective condition there must be some evidence of how long the defective condition existed. He asserts that the depositions and affidavits contain no evidence to show how long the bean was on the floor. While it *359 may be true that there is no direct evidence of how long the bean was on the floor, it is inaccurate to say there is no evidence of such matter. Certainly the . proof that the defective condition existed long enough so that it should have been discovered may be proved, like any fact, by circumstantial evidence.
“Furthermore, the rule imposing liability on a proprietor of a public building, on the basis of constructive notice, creates a duty of making reasonable inspections of the portions of his premises that are open to his customers. It follows then that evidence that no inspection had been made during a particular period of time prior to an accident may warrant an inference that the dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery.”
In Haley v. Harvey Building, Inc., Fla.App.1964, 168 So.2d 330, this court said:
“ In determining whether to grant a motion for summary judgment all inferences of fact must be resolved in favor of the nonmoving party. Warring v. Winn-Dixie Stores, Fla.App.1958, 105 So.2d 915. In Williams v. Board of Public Instruction, etc., Fla.1952, 61 So.2d 493, Associate Justice Fabisinski stated:
“ ‘The party against whom a motion for summary judgment is urged, is not required to present to the court his entire case, nor to present, by affidavit or otherwise, the testimony of all of his witnesses. * * * ”’
In the case at bar there is no evidence from which it can be inferred that the “slipping” of the carpet was caused as a result of an act by the defendant or one of its employees. Nor is there any evidence that defendant had actual knowledge of the dangerous condition of the carpet. Thus, as in the Jenkins case, supra, plaintiffs theory of liability would depend on whether the evidence brings the case within the rule that a proprietor of a public building may be liable if, by the exercise of reasonable prudence, he should have discovered the dangerous condition. Plaintiff was in the bank to make a mortgage payment, which qualifies him as an invitee and makes the above rule applicable to him.
There is no direct evidence as to how long the alleged defective condition of the carpet had existed, but the proof that the defective condition existed, long enough so that it should have been discovered may be proved by circumstantial evidence.
The plaintiff testified in his deposition that the carpet slipped under his left foot. This was direct testimony tending to show that the carpét was not properly fastened to the stairs.
The guard’s assertion that he inspected the carpet by observation nearly every morning does not establish when the last inspection was made. One could easily infer that no inspection was made the morning of the accident. This testimony coupled with the vice-president’s assertion that the carpet was properly fastened after the accident does not conclusively preclude an inference that the defendant, by the exercise of reasonable prudence, could have discovered the loose carpet' within a reasonable time before the accident.
The vice-president’s testimony creates, at most, a material conflict with plaintiff’s testimony, and this precludes the use of the summary judgment procedure at this time.
The lower court must, be reversed for granting the defendant a summary judgment.
Reversed.
SHANNON and HOBSON, JJ., concur.