229 So.2d 266 (1969)
WINN-DIXIE STORES, INC., a Florida Corporation, Appellant,
v.
Robert BURSE, Appellee.
No. 2414.
District Court of Appeal of Florida. Fourth District.
November 12, 1969.
*267 Leonard V. Wood, and B.C. Pyle, of Wittaker, Pyle & Wood, Orlando, for appellant.
William H. Roundtree, Cocoa, for appellee.
PER CURIAM.
This is an appeal from a final judgment reflecting a jury decision to award damages to plaintiff in a slip and fall case.
Plaintiff, Robert Burse, while shopping in defendant's Winn-Dixie store, was injured when he slipped and fell upon a plastic container top from a six pack of beer. Plaintiff received an award of $7,500 despite the defendant's objection that the evidence was insufficient for the jury to impute constructive knowledge of the hazard to the store owner.
Defendant-appellant urges that the trial court should have granted their motion for a directed verdict at the conclusion of the plaintiff's case, and failing to do that, upon reserving ruling on such motion, should have granted it subsequent to the jury's verdict in behalf of the plaintiff. We disagree.
Fundamentally, the issue presented is one of fact. The record reveals that it was commonplace for persons to come into the store and purchase individual cans of beer which they broke out of six packs, which often resulted in the accumulation of excess plastic container tops on the beer shelf. It was also shown that there was no suitable container furnished in the vicinity where trash might be disposed of. Although the manager of the store testified that he was responsible for keeping the premises clean, he had not inspected the area nor where the plaintiff fell for an hour and a half before the accident. Further, an examination of the packaging container which the plaintiff slipped upon revealed that it was filthy and scuffed up. Under these circumstances, it is foreseeable that container tops might end up on the floor, and in the instant case the evidence leads to the reasonable inference that the container that was the cause of the plaintiff's injury had been on the floor for a sufficient period of time so as to constitute notice. This accords with the principles announced in Jenkins v. Brackin, Fla.App. 1965, 171 So.2d 589; Haley v. Harvey Building, Inc., Fla.App. 1964, 168 So.2d 330; Food Fair Stores, Inc. v. Trusell, Fla. 1961, 131 So.2d 730; Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5.
*268 In our view the testimony on the plaintiff's case taken as a whole is such that several inferences may be drawn, thus presenting a jury question, and that appellant has failed to meet his burden of demonstrating that the trial judge erred in denying the motion for directed verdict. McHargue v. Great Atlantic & Pacific Tea Company, Inc., Fla.App. 1968, 209 So.2d 283. Accordingly, we find no error and therefore,
Affirm.
WALDEN and McCAIN, JJ., and GONZALEZ, JOSE A., Associate Judge, concur.