MAGER, Judge
(dissenting) :
In my view there was sufficient evidence from which a jury, could infer that the defendant knew or should have known of the existence of the slippery substance which was alleged to have caused plaintiff to slip while shopping in defendant’s store. The fact that plaintiff offered no direct proof as to how long the greenery had been on the floor is not indicative that there was no evidence of such matter. As was pointed out in Jenkins v. Brackin, Fla.App. 1965, 171 So.2d 589, at 591:
‘ . Certainly the proof that the defective condition existed long enough so that it should have been discovered may be proved, like any fact, by circumstantial evidence.”
The defendant’s allegations that frequent inspections were made throughout the day (of the accident) while denoting the making of inspections does not overcome the inference that a dangerous condition existed long enough so that the exercise of reasonable care would have resulted in discovery. The evidence is reasonably susceptible of conflicting inferences so as to preclude the entry of a summary judgment.
I would reverse for a trial on the merits.