546 So.2d 83 (1989)
Florence BROZ, Appellant,
v.
WINN-DIXIE STORES, INC., Appellee.
No. 88-2617.
District Court of Appeal of Florida, Third District.
July 5, 1989.
Evan M. Feldman, South Miami, and Jerome M. Hershkowitz, Miami, for appellant.
Kelley, Drye & Warren, Smathers & Thompson and Robert C. Shearman, Miami, for appellee.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Following this court's opinion and decision rendered in Broz v. Winn-Dixie Stores, Inc., 512 So.2d 335 (Fla. 3d DCA 1987) the cause recurred in the trial court. After deposition of the plaintiff and the store manager, the defendant moved for summary judgment; there being no evidence as to how long the grape had been on the floor, and the defense offering evidence that the floor was routinely inspected by the floor manager and that the thirty odd employees in the store at the time were constantly on alert as to debris on the floor. There was no evidence to indicate that the grape had been on the floor for any length of time such as thawing, cart tracks, footprints or other indicia of constructive notice. Without this or similar information a jury verdict would be sheer speculation. Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973); Camina v. Parliament Ins. Co., 417 So.2d 1093 (Fla. 3d DCA 1982); Winn-Dixie Stores, Inc. v. Gaines, 542 So.2d 432 (Fla.4th DCA 1989); Winn-Dixie Stores, Inc. v. Burse, 229 So.2d 266 (Fla. 4th DCA 1969). The trial court granted the motion for summary judgment, this appeal ensued and we affirm. Food Fair Stores, Inc. v. Trusell, 131 So.2d 730 (Fla. 1961); Vance v. Miller, 360 So.2d 1150 (Fla. 3d DCA 1978); Publix Supermarkets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987).
Affirmed.