COPE, Judge
(dissenting).
I respectfully dissent. In my view there are disputed issues of material fact which preclude entry of summary judgment in favor of defendant Jackson Memorial Hospital.
It is axiomatic that in considering a motion for summary judgment, all factual inferences must be drawn in favor of the nonmoving party, in this case the plaintiff. The burden rests on the defendant, as mov-ant for summary judgment, to demonstrate the nonexistence of any disputed issue of material fact.
The plaintiff in this case proceeded essentially on the theory that the fall was caused by improper waxing of the floor, or a water spill on the floor, or both. As to the first contention, the deposition testimony of one of the witnesses, Juan Jimenez, indicated that the floor had too much wax on it and that the wax was slippery. Both Jiminez and the plaintiff testified that at the site of the fall, there was a slippery mixture of water and wax, rather than simply water on wax.
The hospital’s defense on this point was that it uses a nonskid wax on the floors, which is not slippery. The hospital’s affidavit said that much and no more. It may be that the hospital will prevail at trial, but I do not think the hospital’s affidavit is sufficient to overcome the testimony of the plaintiff and the witness, particularly given the testimony suggesting excessive or improper application of the wax. If a slippery condition was caused by improper or excessive application of wax, then that would constitute actionable negligence.
Plaintiff’s alternative argument is that the water spill (or water combined with wax) had been on the floor long enough that the hospital should have discovered it and cleaned it up. On that point I also believe that there is a disputed issue of material fact. This court has said:
Defendants, relying on Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5, contend that the established slip and fall rule in Florida is that if a dangerous condition exists on the floor in an area open to the public, the owner or occupant of the property will not be held liable for ensuing injuries if the record fails to show how the condition was created, the length of time the condition existed before the accident or whether the store or some other agency was responsible for the condition. While this is the general rule, a defendant owner or occupant of a store may still be held liable for injuries if the dangerous condition on the floor existed for a sufficient length of time to charge defendant with constructive knowledge. Carls Markets, Inc. v. Meyer, Fla.1953, 69 So.2d 789; Haley v. Harvey Building, Inc., Fla. App. 1964, 168 So.2d 330. Proof that a dangerous condition existed long enough so that it should have been discovered by the owner defendant may be proved like any other fact, by circumstantial evi *31 dence. Jenkins v. Brackin, Fla.App. 1965, 171 So.2d 589.
Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862, 863 (Fla. 3d DCA 1972), cited with approval in Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302, 305 (Fla.1973); see also Broz v. Winn Dixie Stores, Inc., 546 So.2d 83 (Fla. 3d DCA 1989).
Plaintiff submitted an interrogatory answer stating that where she fell, “the water area had a dark color strip, depicting that some one had walked over it before I did.” The foot mark was within one or two feet from plaintiffs position where she fell. At deposition she testified that the foot mark was like “when somebody slips and there is a dark shadow like.... It is from ... the bottom of the shoe that slips like that_” The color was black or brown. Plaintiff also testified that she had waited at the entrance to the hallway for about ten minutes before walking down the hallway, and did not see either a spill or any cleaning activity in the area. In my view, given the interrogatory answer and deposition testimony, there is a disputed issue of material fact on the issue of constructive notice.*
Based on the record as it now stands, I would reverse the summary final judgment.

 The hospital argues that plaintiff retreated from her interrogatory answer during her deposition by testifying that the skid mark was next to the wet area, not in it. After review of the plaintiffs testimony, I do not think it is susceptible of the reading the hospital gives it, and thus the interrogatory answer stands as stated above.